Martin V. Young, for the use of

Barton Robinson,

*v.*

The First National Bank of Cairo.

1. Witness—*competency of—to disprove his own answer in a garnishee proceeding—construction of act of* 1867. Where, in a garnishee proceeding against a bank, the cashier and book-keeper thereof make answer to the interrogatories respecting the indebtedness of the bank to the debtor, the persons so answering in behalf of the bank are competent witnesses in behalf of the creditor, under the act of 1867, to testify in respect to the subject matter of their answers, and even to disprove them.

2. Garnishee—*of indebtedness accruing to the debtor after service of the writ.* The garnishee is required to answer and make full discovery in reference to any indebtedness to the debtor, or property, or effects in his hands up to the time of making his answer, and is not limited in that regard to the date of service of the writ.

3. Evidence—*admissibility of—payment of checks.* In such a proceeding, checks on the bank, drawn by the debtor and honored by the bank, dated after the service of the writ, and before answer made, are admissible as tending to prove the liability of the garnishee, and they establish a *prima facie* presumption that the money so drawn was that of the debtor.

4. Agency—*how proven.* Nor would the fact that such debtor signed his name to such checks with " agt." following it, prove that the money paid on such checks belonged to some other person. But the presumption that the money belonged to the debtor may be rebutted by evidence that the money so deposited and drawn out did belong to another.

WRIT OF ERROR to the Circuit Court of Alexander county; the Hon. DAVID J. BAKER, Jr., Judge, presiding.

The facts are fully presented in the opinion.

Messrs. O'MELVENY & LANSDEN, for the plaintiff in error.

Messrs. MULKEY, WALL & WHEELER, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears, from the record in this case, that on the 31st day of December, 1868, Barton Robinson filed with the clerk of the Circuit Court of Alexander county, an affidavit.  It states that Robinson, at the January term, 1868, recovered a judgment in the Alexander Circuit Court, against Martin V. Young, for the sum of $1,112 and $33.35 costs, on which judgment an execution had issued, and was returned by the sheriff of that county "No property found," and the defendant has no property within the knowledge of affiant, and that affiant has just and reasonable grounds to believe that the First National Bank of Cairo is indebted to Young, or has some estate or effects of his in its hands or custody.

On this affidavit a garnishee summons was issued and served upon the cashier of the bank, on the 31st day of March, 1868, but returned "not found" as to the president.  Interrogatories were duly filed, to which the cashier filed his answer, denying that the bank was indebted to Young at the service of the summons, or that it had any money, property or effects of any kind belonging to Young, in its possession on the 31st day of March, 1868.

Brown, the book-keeper of the bank, to whom interrogatories had also been propounded, filed his answer, in which he denies that the bank owed Young anything on the day that garnishee process was served on the officers of the bank, and

denies that the bank had any property, money or effects belonging to Young in its possession.

To these answers replications were filed.

By consent of the parties, a jury was waived and a trial was had by the court, and after hearing the evidence, the garnishee was discharged. A motion for a new trial was entered, but it was overruled, and a judgment was rendered in favor of the garnishee for costs.

On the trial of the cause in the court below, plaintiff in error called the cashier and clerk, who had answered the interrogatories, and offered to prove by them that their answers were not true, and what goods and chattels of Young were held by the bank, but on objection, the court refused to permit them to testify. Plaintiff in error then produced a number of checks signed " M. V. Young, agt.," bearing date between the date of the service of the garnishee summons and the time of filing the answers, but after proving the signature to be genuine, the court refused to permit them to be read in evidence. He then offered to prove by the cashier and book-keeper that these checks had been paid by the bank out of Young's own funds, but the court refused to permit them to testify to that fact.

It appears, from the answers to the interrogatories, that after the garnishee summons was served, a new account was opened by the bank with Young, and funds were deposited in his name, as the answer states, for certain insurance companies to whom it belonged, and was checked out and paid to the companies. They also state that on the 30th day of March, the day before service was had, Young drew out $470 standing to his credit in the bank, and drafts were purchased and sent to different insurance companies, for whom Young was agent, and to whom the money belonged.

The first section of the act of the 19th February, 1867, (Gross' Comp. 286,) declares that no person shall be disqualified as a witness in any civil action, suit or proceeding, only as thereinafter excepted, by reason of his or her interest in the

event thereof, as a party or otherwise, or by reason of his or her conviction of any crime; but such interest may be shown to affect the credit of such witness. The exceptions of the statute do not embrace persons situated as were the cashier and book-keeper in this case. Before the adoption of this act, they probably would not have been competent witnesses, but under the broad and comprehensive provisions of this act, they are manifestly within its letter and spirit. This is a civil proceeding, and, notwithstanding they had answered, they are persons, and not being excluded, they are witnesses, and should have been admitted.

If appellant could prove by them that Young had money in the bank which belonged to him individually, he had the undoubted right to prove it; and the statute has rendered the officers who answered for the bank competent to prove the fact. They were not rendered incompetent because they had answered the interrogatories, on behalf of the bank. The court below, therefore, erred in not permitting appellant to prove the facts which he offered to do by these witnesses.

The question is also presented, whether the bank, as garnishee, became liable for any funds which Young may have deposited after the service of the garnishee process and before the time when the answers were made and sworn to by the bank officers. This depends upon the true construction of the 18th section of the Attachment Act (Gross' Comp. 61), and the 44th section of the chapter entitled " Judgments and Executions" (ib. 381).

The former of these sections declares that where any person has been served as a garnishee, the plaintiff may, at the return term, prepare, exhibit and file interrogatories to such garnishee, upon which he may be desirous of compelling an answer touching any property, goods and chattels, moneys, credits and effects of the defendant, in the hands of the garnishee, or of any indebtedness of the garnishee to the defendant, at the time of the service of the garnishee process, or at any time thereafter, or which may thereafter become due. The

garnishee is required to answer and make full discovery in reference to any indebtedness to the defendant, or property or effects in his hands. This section, so far from limiting the answer to the time of the service of the writ, extends it to future indebtedness and subsequent possession of goods, chattels, money, property and effects. Under this enactment, no one would seriously contend that the garnishee would not be compelled to make a full discovery up to the time of making his answer. The statute declares he shall, and in language too plain to be mistaken.

The last clause of the latter section declares, that when a garnishee summons is sued out on an unsatisfied judgment, and shall be served upon the garnishee, the court or justice of the peace shall examine and proceed against such garnishee in the same manner as is required by law against garnishees in original attachments. We have seen that under the attachment law the garnishee may be examined, and is compelled to answer, not only as to his indebtedness and the property and effects which he had in his possession when the writ was served, but which subsequently accrued or came to his possession. It then follows, that if, under this proceeding, the garnishee, as the statute declares he shall, may be examined, and the cause proceed as in cases of original attachments, this garnishee was required to answer as to any and all moneys or effects which came to its possession belonging to Young, after the service and before the answer was made, as well as such as might be in its hands at the time of service.

In this view of the case, the checks drawn by Young on the bank, after the garnishee summons was served, should have been admitted in evidence. They were drawn by Young in his own name, with simply the letters " agt." annexed to his name. In all other respects they were in the usual form, and, unexplained, purported to be for his own money. The mere abbreviation of the word agent, which followed his name, was not proof that the money which was paid on these checks belonged to some other person. The abbreviation would seem only to be

*descriptio personæ*, and the same is true of the account in the bank opened in his name as agent. If the money thus deposited belonged to insurance companies, as is claimed, that should be proved, either by the answers to interrogatories or otherwise. And as to the weight of the evidence on that question, the jury or court trying it are the proper judges, and all legitimate evidence on the question is admissible. If the money standing to Young's credit in the bank did not belong to him he should prove it, and overcome the *prima facie* presumption that it was his, which the account and checks created.

For the various errors herein indicated, the judgment of the court below is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Judgment reversed.*