## WILLIAM SKINNER MANUFACTURING COMPANY
### v.
## SIMON SINSHEIMER.

*Costs—Allowance of—Evidence and Depositions—Sec. 29, Chap. 51, R. S.—Practice.*

1.   Granting or denying an application for an allowance of costs under Sec. 29, Chap. 51, R. S., is a final order upon a collateral matter disconnected from the final result of a given suit, and the same may be appealed from.

2.   Under said section the party giving notice to take a deposition must show why the witness in question did not appear for examination in order to escape liability for costs.

3.   A court speaks only by its record.

[Opinion filed December 11, 1890.]

IN ERROR to the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Mr. JAMES A. PETERSON, for plaintiff in error.

Mr. CHARLES C. GILBERT and C. H. REMY, for defendant in error.

GARY, J.   This was an application by the plaintiff in error for an allowance of costs against the defendant in error, under Sec. 29, Chap. 51, R. S., "Evidence and Depositions." It was denied by the Circuit Court, and the defendant in error moves to dismiss this writ of error on the ground that such denial is not a final order which may be reviewed.

The original suit is, for aught that this record shows, still pending.  Granting or denying an application of this character is, however, a final order upon a collateral matter, totally disconnected from the final result of the suit, as much as orders allowing or refusing damages upon the dissolution of an injunction, which are frequently appealed from without question.

The motion is, therefore, denied.   On the merits the case made by the petition is that the party " came not, nor came (the witness), nor came any person for them or either of them, but they both neglected the same."

The statute in no way makes it the duty of the party to attend.   It makes the party giving notice to take a deposition responsible for the costs if he "shall fail to take the same accordingly, unless such failure be on account of the non-attendance of the witness, not occasioned by the fault of the party giving the notice, or some other unavoidable cause." Now here the non-attendance of the witness is shown, but not why he did not attend.   The liability for costs is not absolute; it is contingent upon some fault of the party to be charged.

The failure to take the deposition being a necessary consequence of the non-attendance of the witness, upon whom should be the burden of showing why he did not come? Common sense says, upon the party who called, or gave notice that he would call him.

Suppose the witness had attended, but nobody appeared to question him.   Would it devolve upon the party who received

the notice to show why the party giving it, gave no further attention to it?   Must he negative all conceivable unavoidable causes before he can claim his costs?

The petition was sufficient if proved, to put the defendant in error upon his defense.

The refusal of the court to hear proof in support of it, and denying the prayer of the petition, is error.   The oral statement of the judge that such action was without prejudice to the right of the plaintiff in error at a subsequent period, or at the trial, insisting upon his right to the costs, is without effect.

A court speaks only by its record; memory may fail, but the record remains, showing that the court had passed upon and denied the prayer of the petition.   Even if "without prejudice" had been entered on the record, there is no precedent for such saving clause in a final disposition by a court of law. Saving the right to begin again obtains only in chancery.

The order is reversed and the cause remanded.

*Reversed and remanded.*