## American Exchange National Bank of Chicago v. Moxley, for use of, etc.

1. JUDGMENT—*Entry of a Judicial Act.*—The entry of a judgment is a judicial act. A thing which involves judgment, must be the act of that portion of the tribunal which alone is clothed with authority to exercise judicial judgment.

2. JUDGMENTS—*Entry of by the Clerk.*—The entry by the clerk of

the findings, orders and decrees of the court is purely ministerial; he has no power to shape them in accordance with his views, but is to record the judgment just as it is given to him. If he fails to do this, and either by mistake or misprision, record that which the court has not ordered, making the record to speak, not the judgment of the court, but another thing, the entry is not a judgment, but a mistake, a misdemeanor or a crime.

3. JUDGMENTS—*Unauthorized Entry by a Clerk.*—An unauthorized entry by the clerk is a mere nullity; but this general statement, like most general averments, is, under certain circumstances, subject to qualification.

4. COURTS—*Records of, Import Absolute Verity—Records of Courts of General Jurisdiction Import Absolute Verity.*—A person was served with process of garnishment. Some time afterward he was presented by the person for whom he was garnisheed with a duly certified copy of the record of the Circuit Court, stating that the judgment upon which the garnishee proceedings were based, was set aside and vacated, and relying upon the statement, he paid over the money in his hands. It appeared that the order of the court vacating the judgment as entered by the clerk was a mistake; that in reality a motion to vacate the judgment had been denied. At a subsequent term the attention of the court being called to the matter the erroneous record was corrected. *It was held,* that the garnishee had a right to place implicit confidence in and rely upon such record as speaking the truth, and that the court could not by such correction deprive him of any rights acquired under the record as originally made.

5. COURTS—*Power to Amend Records at a Subsequent Term.*—The power of amendment at a subsequent term, existing in all courts of general jurisdiction, can never be exercised to change the status of a third person who has acted upon the faith of the record.

6. COURTS—*Power to Amend Records upon a Stipulation—Effect.*—Where a court amends its record, not from anything appearing in the record taken as a whole, or from any memoranda kept by the judge, but upon a stipulation entered into by the parties to the judgment, it is manifest that only the rights of the parties to such stipulation can be affected by anything done in pursuance of it. Even had the judge remembered that the judgment entered was not that given, he could not at a subsequent term, from his recollection alone, change the record. Judgments do not rest for their steadfastness upon the fleeting recollections of men.

7. GARNISHEES—*Acquisition of Funds After Answer.*—A garnishee having once answered, funds of the debtor coming into his hands after such answer, can not be reached by the filing of new interrogatories; but where new interrogatories are filed and the garnishee voluntarily answered them, it seems that jurisdiction over him is again acquired, and that judgment may be properly entered against him for an amount admitted by his final answer to be in his hands, to the credit of the execution debtor.

**Memorandum.**—Garnishee process. Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the March term, 1893. Opinion filed May 11, 1893.

The statement of facts is contained in the opinion of the court.

APPELLANT'S BRIEF, SWIFT, CAMPBELL, JONES & MARTIN, ATTORNEYS.

It was contended the appellant, having acted on the record as made at the June term, the amendment made at the August term was a nullity as to him. Shirley v. Phillips, 17 Ill. 471; Coughran v. Gutcheus, 18 Ill. 390; McCormick v. Wheeler, 36 Ill. 114; Knobloch v. Mueller, 123 Ill. 554.

In Shirley v. Phillips, the court said: "The order of amendment, as to them, was a nullity to the extent of their pre-existing rights."

In Coughran v. Gutcheus, speaking of mistakes of officers, the court said: "These may, at any time, upon notice to parties in interest, and saving such rights as, in the interval of time, may have accrued to third persons, be corrected."

In McCormick v. Wheeler, the court said: "There is no doctrine resting on a more stable ground, both of reason and authority, than that all material amendments of a record must be made with a saving of intervening rights acquired by third persons. In an order allowing an amendment, it is proper to express this by way of removing all doubt. But, whether expressed or not, the law makes the reservation."

In Knobloch v. Mueller, the court said: "So it has been held that amendments may be made in judicial proceedings, but not so as to affect the intervening rights of third persons accruing prior to such amendment."

APPELLEE'S BRIEF, T. H. SIMMONS, ATTORNEY.

Appellee contended that the bank, when garnished, was bound to preserve, so long as the garnishment proceedings were pending, all funds that the garnishment reached, and no voluntary surrender of possession of the same can be

urged in diminution of the bank's liability as garnishee.¹ Drake on Attachment (6th Ed.), section 674, a and c, Secs. 676 and 453; Wade on Attachment (1886 Ed.) Vol. 2, Sec. 338 [bottom p. 39]; Stevens v. Dillman, 86 Ill. 235; 8 Am. and Eng. Ency. Law, 1200; Gibson v. Nat. Park Bk., 98 N. Y. 87.

It is an equally invariable rule that no voluntary payment by garnishee of his debt to the defendant after the garnishment and with knowledge on his part of its existence will prevent his being charged as garnishee. Any payment made by a garnishee to the defendant after garnishment is voluntary, unless made under the compulsion of judicial order or process. Drake on Attachment (6th Ed.), Sec. 674 a.

If a garnishee assume to determine that a garnishment proceeding is defective, and therefore not binding on him, and thereupon pay his debt to the defendant, and his judgment on that point be held erroneous, the payment will not prevent his being charged. *Idem*, Sec. 674 c; see also Sec. 676. His (the garnishee's) liability continues, irrespective of the manner in which his possession is lost. Wade on Attachment, 1886, Vol. 2, Sec. 338, 39.

The very fact that he was served with process put him on his guard, and he afterward acted at his peril in surrendering the notes. Stevens v. Dillman, 86 Ill. 235.

Because of this liability of the garnishee, the garnishment suspends the judgment debtor's rights against the garnishee. 8 Am. & Eng. Ency. Law, 1200.

The judgment on which the garnishment proceedings are based was never set aside, and has been in full force and effect from the time it was first rendered.

The judgment was never set aside, and therefore never reinstated. It is not disputed that the entry of the clerk was without authority of the court. The judgment was in force on June 24, 1892, and the above order finds that on that day the court denied the motion to set the judgment aside. Hence the judgment has been uninterruptedly in force.

The presumption here in respect to all judgments, decrees and orders of the Circuit Court is, that the ruling is right until it is affirmatively made to appear that it is wrong. Gibbie v. Mooney, 121 Ill. 258.

The entry of the clerk made June 24th, being without authority of the court and simply a misprision of the clerk, was absolutely void and no rights could be legally lost or acquired by virtue of it.

The clerk's entry was void. Freeman on Executions (1876 Ed.), Secs. 73, 20, 18; Freeman on Judgments (2d Ed.), Sec. 38.

The correction of the record was properly made. Cook v. Wood, 24 Ill. 295; Freeman on Judgments (2d Ed.) Secs. 71, 61; Howell v. Morlan, 78 Ill. 164; Gibbie v. Mooney, 121 Ill. 258.

OPINION OF THE COURT, WATERMAN, J.

This was a garnishment suit in the Circuit Court of Cook County, based upon the following facts : On June 17, 1892, Thomas H. Simmons filed an affidavit in the court below, alleging that he recovered a judgment by confession against Perry A. Moxley, in the Circuit Court of Cook County, May 26, 1892, for the sum of $107.75 and costs of suit, and that an execution had been issued upon the judgment, and returned June 17, 1892, no property found and no part satisfied. On June 17, 1892, the appellant bank was served as garnishee.

When the bank was served as garnishee, Moxley kept a general deposit account with it, the balance being subject to his checks, and at the time the bank was served, there was a credit balance to Moxley's account of $70.85.

On June 24th, and at the June term of the Circuit Court of Cook County, the following order was entered in respect to the judgment on which the garnishment was based :

"THOMAS H. SIMMONS,    ⎫
·103,703    v.    ⎬ Confession.
PERRY A. MOXLEY.    ⎭    On motion of plaintiff's attorney, it is ordered that the order heretofore, on June 17, 1892, entered, and the

judgment heretofore, on May 26, 1892, rendered herein, be and they are hereby set aside and vacated."

On June 27th, Moxley presented to the bank a certified copy of the above order setting aside and vacating the judgment by confession on which the garnishment suit was based, and in reliance thereon, the bank, on June 27, 1892, paid over to said Moxley the sum of $70.85, which stood to the credit of Moxley's account when the bank was served as garnishee. July 19, 1892, the bank filed an answer as garnishee, setting up that the judgment on which the suit was based had been vacated, and asked to be discharged as garnishee.

On August 10, 1892, after the bank had filed its answer as garnishee, the following notice was served by T. H. Simmons, the beneficial plaintiff in the garnishment case, upon the attorneys for the bank.

" PERRY A. MOXLEY, use of T. <br> H. Simmons, <br> v. <br> AMERICAN EXCHANGE NA- <br> TIONAL BANK.    } Circuit Court, Cook County.

To Swift, Campbell, Jones & Martin, attorneys for garnishee:

You are hereby notified that the judgment on which the above garnishment was issued was not set aside by order of court, on June 17, 1892, as alleged in said garnishee's answer therein, nor was said judgment set aside June 24, 1892, nor at any other time, but remains in full force and effect; that in the entry of the order of the court on June 24, 1892, relating to said judgment, a clerical error was made, which will be corrected at the earliest opportunity; that the order of the court relative to said judgment was, that the motion for setting aside said judgment be denied.

T. H. SIMMONS, <br> Attorney for Plaintiff."

At the time Simmons, the beneficial plaintiff, served the above notice on the attorneys for the bank, he was informed by them that Moxley had delivered to the bank a certified copy of the order vacating the judgment on which

·the garnishment was based, and that the bank, in reliance thereon, had paid over to Moxley the amount which stood to his credit when the bank was served as garnishee.

One week after the above notice was served, Simmons, the beneficial plaintiff in this suit, and the attorneys for Moxley in the confession suit, made and filed in the confession suit the following stipulation:

"It is hereby stipulated that upon the final hearing of the defendant's motion to set aside the judgment obtained by confession in the above entitled cause, that the court ordered that the motion to set aside said judgment be denied, and it is also stipulated that the record of said court may be made to conform to the facts as above stated.

Chicago, August 17, 1892.

            G. W. & J. T. KRETZINGER, for defendant.
            T. H. SIMMONS, for plaintiff."

And on the same day, at the August term of the Circuit Court of Cook County, an order was entered on that stipulation in said confession suit as follows:

"It is ordered that the record show that in the entry of the court in the above entitled cause, made June 24, 1892, a clerical error was made, and that the entry appearing on the record was not the order of the court in that cause, on that date; that the order made June 24, 1892, was as follows, namely:

'That the order of June 17, 1892, be set aside, and that, upon hearing, the motion of the defendant to set aside the judgment herein, be denied.'

It is further ordered that the order as above stated, made June 24, 1892, be now entered *nunc pro tunc* as of June 24, 1892, and that the erroneous entry of June 24, 1892, be so marked on the record margin thereof."

The said stipulation of August 17, 1892, and the said order of August 17, 1892, were made without the knowledge or consent of the bank. The bank, for the first time, learned, October 28, 1892, of the said stipulation and of the entry of said order of August 17, 1892, reinstating the judgment by confession.

On December 10, 1892, additional interrogatories were filed by appellee. Appellant answered that Moxley was engaged in the business of selling glass on commission, in the city of Chicago; and after Moxley had delivered to the bank a certified copy of the order vacating the judgment on which this suit is based, Moxley opened an account with the bank, in the name of Perry A. Moxley, agent, for use in carrying on his business of selling glass on commission, in Chicago. From the time of the opening of said account down to October 28, 1892, when the bank learned of the reinstating of the judgment by confession, there had been deposited to the credit of said account of Moxley, agent, the sum of $4,670.98, and the bank had paid out checks to the amount of $4,646.02, leaving a balance to the credit of said account, on October 28, 1892, of $24.96, and appellant, on November 1, 1892, paid a check for $2.50, for which it was entitled to credit; leaving a credit to the account of $22.46. When appellant learned of the reinstatement of the judgment, Moxley informed it that he had no interest in said $22.46. Appellant, therefore, in its answer of November 1, 1892, said it was not indebted to Moxley in any sum. Afterward Moxley informed appellant that he had examined his books and account, and that the amount which stood on October 28, 1892, to the credit of Moxley, agent, belonged to Moxley, individually. Appellant, in its answer, filed December 15, 1892, therefore said that on October 28, 1892, there stood to the credit of Moxley, agent, $22.46, which Moxley said belonged to him, and appellant on the facts set up in its answers asked to be discharged.

A jury having been waived, the court found against appellant, the garnishee, and rendered judgment on its finding for the sum of $119.50.

It is insisted that the court had authority at its August term to "correct" the entry of a judgment made at its June term, because the entry, as originally made, being a mistake of the clerk, was, it is urged, no judgment at all, but a mere void entry.

It is quite true that the entry of a judgment is a judicial

act. A thing which involves judgment, must be the act of that portion of the tribunal which alone is clothed with authority to exercise judicial judgment.

The entry by the clerk of the findings, orders and decrees of the court, is purely ministerial; he has no power to shape them in accordance with his views, but is to record the judgment just as it is given to him. If he fail to do this, and either by mistake or misprision, record that which the court has not ordered, making the record to speak not the judgment of the court, but another thing, the entry is not a judgment, but a mistake, a misdemeanor or a crime. Freeman on Judgments, 2 Ed., Sec. 38; Black on Judgments, Secs. 106, 110; Newman's Lessee v. City of Cincinnati, 18 Ohio, 323, 331.

From this it would seem to follow that an unauthorized entry by the clerk is a mere nullity; but this general statement, like most general averments, is, under certain circumstances, subject to qualifications.

There is another rule as imperative and absolute as the above, which serves to modify what has been stated. The record of a court of superior and general jurisdiction imports absolute verity. Welch v. Sykes, 3 Gil. 197; Thompson v. Emmert, 15 Ill. 415; Buckmaster v. Carlin, 3 Scam. 104, 110; Grignon, Lessee v. Astor, 2 How. (U. S.) 319, 341; The State v. Daily et al., 14 Ohio, 92; Wilcher v. Robertson, 78 Va. 602, 616; Wharton on Evidence, Secs. 982, 1302; 1 Coke's Institutes, 260.

The evidence of the judgment of a court does not reside in the recollection of the judge, but in the record which the law requires the clerk to keep. McCormick v. Wheeler, 36 Ill. 114.

While, therefore, it is the act of the court that constitutes the judgment, the record is conclusive evidence of what that act was.

When, therefore, there was presented to appellant a duly certified copy of the record of the Circuit Court, setting forth that on June 24th, the judgment entered May 26, 1892, in the case of Simmons v. Moxley, was set aside and

vacated, appellant had a right to place implicit confidence in and rely upon such record, as speaking the truth. Thereafter, at a subsequent term, the attention of the court being called to the mistake its clerk had made, the fact being that the act of the court was not to set aside said judgment, but to refuse so to do, the erroneous record was corrected and made to correspond to the facts, but the court could not by such correction deprive appellant of rights acquired under the record as originally made.

The power of amendment, at a subsequent term, existing in all courts of general jurisdiction, can never be exercised to change the status of a third party who has acted upon the faith of the record. Shirley v. Phillips, 17 Ill. 471, 473; Coughran v. Gutcheus, 18 Ill. 390, 121; McCormick v. Wheeler, 36 Ill. 114; Knobloch v. Mueller, 123 Ill. 554, 565.

The court appears to have amended its record, not from anything appearing in the record taken as a whole, or from any memoranda kept by the judge, but upon a stipulation entered into by the parties to the judgment. It is manifest that only the rights of the parties to such stipulation could be affected by anything done in pursuance of it. Even had the judge remembered that the judgment entered was not that given, he could not at a subsequent term, from his recollection alone, change the record. Judgments do not rest for their steadfastness upon the fleeting recollection of man. People v. Romero, 18 Cal. 89; Dougherty v. The People, 118 Ill. 160; In re Annie Barnes, 27 Ill. App. 151; Horner v. Horner, 37 Ill. App. 199; Skinner Manfg. Co. v. Sinsheimer, 37 Ill. App. 467.

The judgment upon which the garnishee proceeding was based, having been, by the order of June 24th, set aside, such garnishee proceeding fell with the judgment; it was no longer authorized. M. C. R. R. Co. v. Keohane, 31 Ill. 144; Chanute v. Martin, 25 Ill. 63–65.

Judges Gary and Shepard are of the opinion that by the order of June 24th, which was a discontinuance of all proceedings against appellant, the court at the expiration of

the June term lost jurisdiction of the bank, and could not again acquire it save by a new proceeding, and also that appellant having once answered, funds of the debtor coming into its hands after such answer, could not be reached by the filing of new interrogatories. Young v. First Nat. Bank, 51 Ill. 73.

It would seem to the writer of this opinion that the bank having voluntarily answered the new interrogatories filed after the judgment against Moxley had been reinstated, jurisdiction over it was thus again acquired, and that judgment might properly have been entered against it for the amount admitted in its final answer to be in its hands to the credit of the execution debtor.

The judgment of the court below will be reversed.