# Bank of Montreal, Garnishee, v. Percy Taylor, for the use of Julius T. Foerster.

1. GARNISHMENT—*Burden of Proof.*—In cases of garnishment the burden of proof is upon the garnishor to show that a judgment has been rendered against the user in favor of the usee, and an execution issued thereon and returned unsatisfied.

2. JUDICIAL NOTICE—*Of What Courts Will Take.*—A court will take judicial notice of its records in the particular case on trial, but not of a judgment in another case or of an execution and its return, until produced.

3. SAME—*Of Its Own Records.*—Courts will take judicial notice of their own records, as far as they pertain to a case in hand, but will not take notice in deciding one case of what may be contained in the record of another and distinct case, unless it be brought to the attention of the court by being made a part of the record of the case under consideration.

Garnishment.—Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Heard in this court at the March term, 1899. Reversed and remanded. Opinion filed January 4, 1900.

REMY & MANN, attorneys for appellant.

No appearance by appellee.

MR. JUSTICE WINDES delivered the opinion of the court.

In garnishment against appellant appellee recovered judgment on a trial before the Circuit Court, without a jury, for $121.50, from which this appeal is taken. The affidavit shows that the usee, Foerster, recovered a judgment in the Circuit Court against the appellee, Taylor, at the May term, 1895, for $213.50 and costs, on which an execution issued and was returned by the sheriff of said county, "No property found." Service was had on appellant June 17, 1893, and interrogatories were subsequently filed which appellant answered in substance, setting out details, however, that it was not indebted to Taylor at the time of the service of the writ of garnishment on which issue was taken.

The evidence shows that appellant, on May 13, 1895, received a cablegram from its London office to notify and pay Taylor twenty-five pounds, approximately $121.50, which amount it did not place to Taylor's credit, but held it in the safe for him, because appellant had been previously served with a garnishment before Justice Foster at the suit of Taylor. The money was paid by appellant on a judgment rendered June 21, 1895, against it in the garnishment before Justice Foster, as appears from appellant's answer. The evidence only shows that the money was paid "on the garnishment before Justice Foster," but when paid, or whether a judgment was rendered before Justice Foster, does not appear. It also appears from the evidence of Taylor that he had no money of his own in the bank of appellant, and that the money placed there belonged to his daughter. Only two witnesses testified, the accountant of the bank on behalf of appellee, and Taylor, the nominal plaintiff, for appellant, and we are of opinion that the clear preponderance of the evidence is that the money, while placed to the credit of Taylor in the bank, was the money of his daughter. If, however, it be conceded that the money in the bank was Taylor's, still there was a fatal failure of proof on the part of appellee, in that there was no evidence that a judgment had been rendered in the Circuit Court against Taylor and in favor of Foerster, the usee, nor that an execution was issued or returned. M. C. R. R. Co. v. Keohane, 31 Ill. 144; Davis, for use, etc., v. Siegel, 80 Ill. App. 278, and cases there cited.

The learned trial judge seems to have proceeded upon the theory that he should take judicial notice of the judgment against Taylor and of the issuance and return of execution, but we are of opinion this was error. A court will take judicial notice, in the particular case on trial, of its records, but not of a particular judgment in another case or of an execution and its return until produced. Robinson v. Brown, 82 Ill. 279; Nat'l Bank v. Bryant, 13 Bush. (Ky.) 419; Enix v. Miller, 54 Iowa, 551; Farrar v. Bates, 55 Tex. 193; McCormick v. Herndon, 67 Wis. 648–52; 1 Jones on Evid., Sec. 124.

In the Bank case, *supra*, the court say:

"This and every other court will take judicial notice of its own records as far as they pertain to the case in hand, but will not take notice in deciding one case of what may be contained in the record of another and distinct case, unless it be brought to the attention of the court by being made a part of the record of the case under consideration."

In the Enix case, *supra*, the court say: "A court can not in one case take judicial notice of the records in a different case."

The affidavit on which the garnishment summons was issued was not evidence.

The judgment is reversed and the cause remanded.