94   483
d192s 157

## Mina Pick, for use of, etc., v. The Mutual Life Ins. Co.

1. GARNISHMENT—*When the Suit Fails.*—When the original suit upon which a proceeding to garnishment is founded fails, the garnishee proceeding fails with it.

Garnishment.—Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding.   Heard in the Branch Appellate Court at the March term, 1900.   Affirmed.   Opinion filed April 16, 1901.

ALBERT H. MEADS, attorney for appellant.

KRAUS & HOLDEN, attorneys for appellee.

MR. PRESIDING JUSTICE SHEPARD delivered the opinion of the court.

Garnishee process was issued out of the Circuit Court against the appellees, summoning them to appear and answer, at the February term, 1900, as to moneys, etc., in their hands, belonging to appellant, Mina Pick.

The affidavit for garnishment showed that at the January term, 1900, of said court, a judgment was rendered in favor of Leopold Mayer against said Pick for $2,088.50 debt, besides costs, and that an execution on said judgment was returned " no property found."

It appears that the judgment in the original suit of Mayer v. Pick was vacated and set aside, and that the suit was dismissed on demurrer to the declaration.

A short time afterward, the garnishment writ was quashed and the case was dismissed, and this appeal is from that order.

It seems too plain for argument that, the original suit having failed, the garnishee proceedings based thereon must fall. But, it is said that the order vacating the judgment in the original suit and dismissing the suit was appealed from and the appeal perfected to this court, and was there pending when the order at bar was entered, quashing the garnishee writ and dismissing the suit.

The garnishment proceeding was in the nature of process to obtain satisfaction of the original judgment. It was a statutory mode of obtaining satisfaction after the means known to the common law had been employed and failed.

When the judgment, of which satisfaction was sought, ceased to exist, the supplementary processes to enforce its satisfaction had spent their force. See Am. Exch. Bank v. Moxley, 50 Ill. App. 314 (323); Chanute v. Martin, 25 Ill. 63; Mich. Cent. R. R. Co. v. Keehane, 31 Ill. 147; Pierce v. Wade, 19 Ill. App. 185.

We do not apprehend that the appeal to this court from the judgment in the original case against Pick in any manner affected the correctness of the order vacating that judgment. But even if otherwise, we may take notice of the orders and judgments of this court, and know that the judgment appealed from was affirmed by the judgment of the other division of this court, November 22, 1900. (Mayer v. Pick, 92. Ill. App. 189.)

Our conclusion renders it unnecessary to consider the motions of appellee that were reserved to the hearing.

Affirmed.