## John J. Bueb et al. v. Marie W. Dreessen et al.

1. DEPOSITIONS—*Commissioner Appointed to Take, May Adjourn the Time of Taking Within Reasonable Limits.*—A commissioner appointed to take depositions has, within reasonable limits and for reasonable cause, power to adjourn the taking of depositions, as was done in this case from ten o'clock in the morning until four o'clock in the afternoon.

Assumpsit, with attachment in aid. Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed in part and reversed in part. Opinion filed December 16, 1902.

J. MARION MILLER, attorney for appellants.

ADOLPH MARKS, JACOB W. LOEB and SIGMUND E. LOEB, attorneys for appellees.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

This was an action in assumpsit, with attachment in aid, brought against four persons alleged to have been doing business as Dreessen Sisters. An unverified plea of the general issue having been filed, thereafter verified pleas denying joint liability were, without leave of the court, filed. Whereupon the plaintiffs moved to strike from the files the pleas denying joint liability, which motion the court denied. Such action· by the court was in effect the same as if before the filing of such pleas it had given leave to file them, and there was no error in the refusal of the court to strike such pleas from the files.

Upon the issues found in the action of assumpsit and also upon the attachment, the finding was for the defend-

ants.   The evidence is not such that we ought to reverse either of these findings.   Where parties are sued in assumpsit as joint promisors, a recovery must be had against all or none.

Upon the trial it appeared that prior thereto, the plaintiffs had sued out a *dedimus* to take upon oral interrogatories in New York City the depositions of certain witnesses.   Under this, notice was given that the examination of the witnesses would be begun on July 14th at ten o'clock, at the office of the commissioner named, and that such examinations would be continued from day to day until completed.

Adolph Marks, an attorney for some of the defendants, went from Chicago and appeared at the office of the commissioner in New York City at the day and time named for the beginning of the taking of such testimony; whereupon he was informed by the commissioner that Elgin McBurney, one of the attorneys for one of the defendants, Marie W. Dreessen, had informed the plaintiffs and the commissioner before whom such depositions were taken, that he was actually engaged in the trial of a case in the city court of the city of New York and could not appear at the hour of ten o'clock named in the notice, and asked that the taking of said depositions be continued until four o'clock in the afternoon of said date; to which plaintiffs consented.   Mr. Marks testified that he did not consent to the adjournment until four o'clock and did not promise to be present; that the commissioner said he would try to have the witnesses there at four o'clock, but he was not sure they would be present; that he, Marks, did not appear at four o'clock; that he did not make any inquiries as to whether the depositions were taken or not; that he left New York at one o'clock, and did not tell the commissioner that he would return at four o'clock.   That in going to New York, pursuant to the notice, he traveled 1,960 miles, and that such mileage, together with one day's fees allowed by statute, amounts to $119.60.

At four o'clock the witnesses whose depositions were to

be taken appeared at the office of the commissioner and after waiting until four-thirty for the appearance of Mr. Marks, the depositions of such witnesses were taken. Upon this showing the court allowed and gave judgment for $119.60 against the plaintiffs to Augusta Dreessen, Amanda M. Dreessen and Margaretha Dreessen, for whom Mr. Marks, as their attorney, went to New York to attend such examination.

Although the default of Marie Dreessen had been entered, it was certainly proper, if not necessary, that evidence should be produced to establish the claim against her. The commissioner was directed to take testimony in a case where there were four defendants. He could not well take testimony that might not apply to all. When, therefore, a request was made upon him by the attorney of Marie Dreessen to adjourn the taking of the testimony from ten o'clock in the forenoon to four o'clock in the afternoon on account of an engagement in court of counsel for Marie Dreessen, his acceding to such request was reasonable and within the powers committed to him.

Mr. Marks, the attorney for the other three defendants, was duly notified of such adjournment, yet saw fit to go away, leave the city at one o'clock, and not return for the taking of such testimony. His clients now claim, under Section 29 of Chapter 51 of the Revised Statutes, six cents per mile for 1,960 miles, necessarily traveled by Marks in going to and returning from the place of examination, and also $2 for one day's attendance.

The statute provides:

"When a party to a suit shall give the opposite party notice to take a deposition upon oral interrogatories and shall fail to take the same accordingly, unless such failure be on account of the non-attendance of the witness, not occasioned by the fault of the party giving the notice, or some other unavoidable cause, the party notified, if he shall attend himself or by attorney, agreeably to the notice, shall be entitled to $2 per day for each day he may attend under such notice, and to six cents per mile for every mile that he shall necessarily travel in going to and returning from the place designated to take the deposition, to be allowed

by the court where the suit is pending, and for which execution may issue."

As the party to whom the notice is given is entitled to $2 per day for the attendance of himself or his attorney, if he expects to claim the compensation to which he may be entitled by statute, he must attend during the usual business hours of the day upon which such testimony is to be taken, when he is informed ·by the commissioner that the testimony will be taken during the day appointed, although at an hour subsequent to the one designated in the notice. A party is not allowed an attendance fee for merely appearing at the hour designated and finding no witness present, going away and not returning, when he has been informed by the commissioner that the testimony will be taken upon the day designated, although at a'later hour than that mentioned in the notice.

The fact that the attendance fee ($2) is small, is immaterial. It is as consequential as though the fee for attendance prescribed by the statute was $100 per day. The party that gave the notice to take the depositions did not fail to take them according to the notice; on the contrary, they were taken upon the day appointed, although at a later hour than that designated. A commissioner appointed to take depositions has within reasonable limits and for reasonable cause, power to adjourn the taking of depositions, as was done in this case, from ten o'clock in the morning until four o'clock in the afternoon.

Mr. Marks, the attorney for three of the appellees, was not misled, nor put to unnecessary inconvenience or expense, but might have been present had he seen fit, at the taking of the depositions upon the day appointed. The depositions actually taken upon the day appointed were read in evidence without objection. The court should not have allowed three of appellees mileage and attendance, as it did.

It is urged by appellees that no appeal was taken from the order allowing the $119.60. It is true, as was held in William Skinner Manufacturing Company v. Sinsheimer,

37 Ill. App. 467, that a separate appeal may be taken from an order of court making such allowance.

In the present case, at one time and by one order, the court below found for the defendants upon the issue in assumpsit and that in attachment, and in the same order allowed and gave judgment for three of the appellees against appellant for the sum of $119.60. Three judgments are included in this order.

It is perhaps the case that the plaintiffs might have appealed only from so much of such judgment order as allowed to three of the defendants said sum. We do not think it was compelled so to do. The plaintiffs prayed and were allowed an appeal "from the judgment" of the court. Appellant and appellees have appeared in this court and argued the merits of the appeal as to each of the judgments, that is, as to all involved and at issue between the parties.

The matter of the judgment for $119.60 is properly before this court. The judgment of the Superior Court upon the issue in attachment and also upon the issue in assumpsit, is affirmed.

The judgment of the Superior Court awarding to Augusta D., Amanda M., and Margaretha Dreessen, against the plaintiffs, $119.60 for mileage and for one day's attendance fees in pursuance of notice by the plaintiffs to the defendants given for the taking of depositions in New York City, is reversed.

Costs in this suit will be taken one-half against Augusta D. Dreessen, Amanda M. Dreessen and Margaretha Dreessen and one-half against appellants.

Affirmed in part, reversed in part.