## The Howard Company v. Rainey Miller, for use, etc., et al.

1. GARNISHEE—*what, liable to answer for.* A garnishee is liable to answer (1) as to any debt due and owing at the date of service, (2) as to any debt owing at the date of service and becoming due thereafter, and (3) as to any debt owing and due at any time after service and up to answer.

2. GARNISHMENT—*what proof essential to recovery in.* In order to recover in garnishment it is essential that the plaintiff prove the judgment upon which the proceeding is predicated, as well as the issuance of execution and return *nulla bona.*

Garnishment proceeding. Appeal from the County Court of Champaign County; the Hon. CHARLES C. STALEY, Judge, presiding. Heard in this court at the May term, 1905. Affirmed. Opinion filed November 24, 1905.

WILLIAM H. JOHNSON and ROBERT W. MILLAR, for appellant.

C. D. THOMAS, for appellees.

MR. JUSTICE BAUME delivered the opinion of the court.
This is an appeal from a judgment in favor of appellees

against appellant, a corporation, as garnishee, for $164.40. Appellant was served as garnishee October 27, 1903, and interrogatories to be answered by its president and secretary were filed November 12, 1903. On January 13, 1904, appellant having failed to make disclosure, conditional judgment was entered against it for the above amount, and *scire facias* issued returnable to the first day of the next May term. May 9, 1904, appellant answered that the defendant Miller was then and at the time of the service of process upon it, employed by it as a field solicitor at a salary of $75 a month in addition to expenses; that appellant did not then, nor at the time of service of process upon it, owe said Miller any sum of money whatever, but on the contrary, said Miller, at the time of the service of process upon appellant, was indebted to it in an amount upwards of $100; that the said Miller, at all times since the said service of process upon appellant, had been indebted to it and that at no time since said service of process had the said Miller been indebted to appellant in a sum less than $27; that at the time of the service of process upon it, appellant did not have, and did not then have in its possession, custody or charge, any chattels, money, credits or effects of the said Miller.

The answers of the president and secretary of appellant, to the interrogatories propounded to them, were framed in substantially the same language. Subsequently, on September 5, 1904, in response to an order of court, appellant filed its further answer consisting of a detailed statement of account between it and the defendant Miller, from October 31, 1903, to April 30, 1904, on which latter date it was averred that said Miller left the employ of appellant. On November 19, 1904, appellee moved the court for final judgment against appellant, as garnishee, for $164.40 and costs, and on November 25th, following, final judgment was accordingly entered.

While the several answers disclose that appellant was not indebted to Miller at the date of the service of process upon it, it clearly appears therefrom that after the service

of process upon appellant it continued to pay Miller his salary of $75 per month, and that the payments so made, up to the time of filing the first answer, May 9, 1904, aggre·gated the sum of $337.50. Appellant contends that in the absence of an indebtedness to Miller, existing in either a matured or unmatured form at the service of process, it is not liable as garnishee.

Section 5 of the Garnishment Act, Hurd's Stat. (1903) 1011, provides: "When any person is summoned as a garnishee upon any process of attachment or garnishee summons, * * * the plaintiff shall * * * exhibit and file all and singular, such allegations and interrogatories, in writing, upon which he shall be desirous to obtain, and compel the answer of any and every garnishee, touching the lands, tenements, goods, chattels, money, choses in action, credits and effects of such defendant, and the value thereof, in his possession, custody or charge, or from him due and owing to the said defendant at the time of the service of the said writ, or at any time after or which shall or may thereafter become due."

No question of exemptions is here involved and the liability of the garnishee is to be determined solely by a construction of this section. The proceeding is purely statutory and the statute is controlling and decisive of the rights and liabilities of the parties. In Young v. First Nat. Bank, 51 Ill. 73, a section of the Attachment Act in which the same phraseology was employed, was before the court, and it was said: "This section, so far from limiting the answer to the time of the service of the writ, extends it to future indebtedness and subsequent possession of goods, chattels, money, property and effects. Under this enactment no one would seriously contend that the garnishee would not be compelled to make a full discovery up to the time of making his answer. The statute declares he shall, and in language too plain to be mistaken." Section 5 of the present Garnishment Act was enacted subsequent to the decision in Young v. First Nat. Bank, *supra*, construing the section in the prior Attachment Act employing the

same language, and it must be held that the section of the
Attachment Act as there construed by the court expressed
the legislative intent in the enactment of section 5 of the
Garnishment Act.   In Hanover Fire Ins. Co. v. Connor,
20 Ill. App. 297, the construction of section 5 of the Gar-
nishment Act was directly involved, and Mr. Justice Bailey,
speaking for the court, said: "It is manifest that under
this statute, the creditor is not confined to debts due, or
even to debts owing at the date of the service of the writ.
The statute seems to embrace all of the following cases:
1, where the debt is owing and due at the date of service;
2, where it is owing at the date of service and becomes due
thereafter; and 3, where it is owing and due at any time
after the service of the writ, up to the date of the answer."
While expressions are to be found in Cairo & St. L. R. R.
Co. v. Hindman, 85 Ill. 521, and Harrington v. First Nat.
Bank, 85 Ill. App. 212, suggesting a different construction
of the section here involved, they are general in character,
and, as we think, not controlling.

It is also urged that the final judgment is erroneous, be-
cause it confirmed the conditional judgment after answers
filed by appellant, and it is insisted that a final judgment
confirming a conditional judgment is only proper when the
garnishee fails to answer.   Section 8 of the Garnishment
Act provides: "If such garnishee, being served with
process or notified as required by law, shall fail to appear
and make discovery in the manner aforesaid, the court, or
justice of the peace, shall confirm such judgment, to the
amount of the judgment against the original defendant,
and award execution for the same and costs.   If such gar-
nishee shall appear and answer, the same proceedings may
be had as in other cases." Manifestly, when the answer
of the garnishee discloses upon its face, as it does in the
case at bar, that the garnishee is liable under section 5
of the Garnishment Act, no traverse of such answer by the
judgment creditor is necessary, or proper, and nothing re-
mains but to enter judgment confirming the prior condi-
tional judgment.   The proceedings to be had, as in other

cases referred to in section 8 of the act, when the garnishee appears and answers, clearly relate to the trial of an issue of law or fact, and when no issue of fact is raised by the answer, the questions of law involved are properly raised and determined upon the motion of the judgment creditor to make the conditional judgment final, as was done in this case.

It is finally urged that the judgment must be reversed and the cause remanded, because it does not appear that proof was made of the judgment against the nominal plaintiff, Miller, and of the return of execution thereon unsatisfied. Such proof was unquestionably necessary (Bank of Montreal v. Taylor, 86 Ill. App. 388), but in the absence of a bill of exceptions in the case it must be presumed such proof was made.

The judgment is affirmed.

*Affirmed.*