**W. B. Fuller, for use of Nell E. Jordan, Appellee, v. Bridgeport Wood Finishing Company, Appellant.**

**Gen. No. 22,565.   (Not to be reported in full.)**

Appeal from the Municipal Court of Chicago; the Hon. JOHN STELK, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded with directions. Opinion filed January 8, 1917.

## Statement of the Case.

Action of garnishment by W. B. Fuller, for the use of Nell E. Jordan, plaintiff, against the Bridgeport Wood Finishing Company, a corporation, defendant. From a judgment against defendant for $560 as garnishee and ordering that $167.10 thereof be recovered for the use of the beneficial plaintiff, defendant appeals.

ELBERT C. FERGUSON, for appellant.

No appearance for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. GARNISHMENT, § 93*—*when answer must be taken as true.* Where no issue is joined upon an answer in a garnishment action the averment of facts therein stand admitted and must be taken as true.

2. GARNISHMENT—*when right of exemption is preserved by garnishee.* The assertion of the right of exemption of a debtor in an answer by the garnishee is sufficient to preserve such right to the debtor.

3. GARNISHMENT, § 35*—*what wages employer is required to answer for.* Under section 14 of the Garnishment Act as amended

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

in 1901 (J. & A. ¶ 5949), the employer is not required to answer for the wages earned by a wage earner after the service of the writ.

4. EXEMPTIONS, § 5*—*when wages of nonresident are exempt from garnishment.* A nonresident debtor whose wages are earned in a foreign State is entitled to the exemption of the State of his residence.