Chicago—First District—October, 1924. 605

First National Bank of Knightstown v. Hosier, 234 Ill. App. 605.

# First National Bank of Knightstown, Appellee, v. Wiley E. Hosier. Charles A. Stevens & Brothers (Garnishee), Appellant.

## Gen. No. 28,910.

1. GARNISHMENT—*of wages of judgment debtor by judgment creditor.* A judgment creditor may, by appropriate garnishment process, subject to his judgment any debt becoming due from the garnishee to the judgment debtor at any time up to the filing of the answer, unless the amount due is for salary or wages, in which case only so much may be secured as is due and owing at the time of the service of the garnishment writ.

2. GARNISHMENT—*finding for garnishing judgment creditor erroneous on answer that defendant is wage earner and has nothing due.* Where it appeared that the judgment debtor was a wage earner and the sworn answer of the garnishee that the latter owed the judgment debtor nothing at the time the writ was served was not controverted, a finding by the trial court for plaintiff, presumably for wages earned after that date, was contrary to section 14, Cahill's Ill. St. ch. 62, of the garnishment statute and was erroneous.

3. APPEAL AND ERROR—*right of garnishee to set-off not involved on appeal where record shows defendant to be wage earner with nothing due from garnishee.* On appeal from a judgment against a garnishee defendant, where there was no proper showing of any kind to the effect that there was anything due and owing from the garnishee to the judgment debtor which plaintiff could recover in garnishment proceedings as to which a set-off claimed by the garnishee could apply, the question as to the rights of the garnishee in such matter is not involved.

Appeal by defendant from the Municipal Court of Chicago; the Hon. ALFAR M. EBERHARDT, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1923. Reversed and cause remanded. Opinion filed October 30, 1924.

GEORGE R. FITZMAURICE, for appellant.

BROWN, PACKARD, PECKHAM & BARNES, for appellee; RUSSELL J. McCAUGHEY, of counsel.

Mr. Justice Thomson delivered the opinion of the court.

By this appeal, Charles A. Stevens & Brothers, the garnishee, seeks to reverse a judgment entered against it in the municipal court of Chicago in the sum of $133.45. The plaintiff bank recovered a judgment against the defendant Hosier for $845.32, after which garnishment proceedings were begun, the garnishment writ being served upon the garnishee on April 26, 1923. On May 21, 1923, the garnishee answered, under oath, to the effect that on the date of the service of the writ it had in its possession no goods, chattels, choses in action, credits, effects or money due, owing or belonging to the defendant Hosier, but that, on the contrary, on that date Hosier was indebted to it in the sum of $324 on certain promissory notes, which were described in detail in the answer.

The cause came on for hearing in the regular course, on June 7, 1923. The statement of the case appearing in the bill of exceptions recites that upon the hearing had in the municipal court no witnesses were sworn by either side and no testimony was taken. The statement further recites that counsel for the garnishee stated to the court that Hosier "was in the employ of Chas. A. Stevens & Bros. at a salary of $55 per week." The statement then recites that, after hearing the arguments of counsel, the court found the issues in favor of the plaintiff and found that the garnishee was indebted to Hosier in the sum of $133.45, whereupon the court entered judgment upon that finding against the garnishee. It does not appear from anything set forth in the statement of the case, as contained in the bill of exceptions, what the basis was for the action of the trial court in fixing the amount at $133.45, nor is any intimation made in any of the briefs filed in the case in this court as to the basis for the fixing of the judgment at that amount. No effort having been made by the plaintiff to overcome the

statement made in the sworn answer, to the effect that the garnishee owed Hosier nothing at the time of the service of the writ, the court, presumably, having nothing further before it, except the statement of counsel for garnishee to the effect that Hosier was in the employ of the garnishee at a salary of $55 a week, reached the amount of the finding and judgment by computing Hosier's salary accruing after the service of the writ, and possibly deducting certain amounts as exemptions. It is argued by counsel for the plaintiff, in support of the appeal, that the garnishee was liable for the salary accrued to Hosier at the time of the service of the writ, "and for salary accruing after that time up to the filing of the answer by the garnishee," citing *Hanover Fire Ins. Co. v. Connor,* 20 Ill. App. 297, and *Howard Co. v. Miller,* 123 Ill. App. 483.

In *Hanover Fire Ins. Co. v. Connor,* a plaintiff having secured a judgment against Connor summoned the Fire Insurance Company, as garnishee, seeking to secure the proceeds of certain fire insurance policies held by the judgment debtor in that company, which proceeds were claimed to be due on a loss that had occurred. It will be seen that this case did not involve the question of the salary of a wage earner. The court there pointed out that section 5 of the Garnishment Act [Cahill's Ill. St. ch. 62, ¶ 5] provides that a creditor shall file his interrogatories in writing, upon which he desires to obtain the garnishee's answer, touching the credits and effects of the judgment debtor and in the possession of the garnishee, or due from the garnishee to the defendant "at the time of the service of said writ, or at any time after, or which shall or may thereafter become due," and that the garnishee shall then make answer to all such interrogatories. The court then said: "It is manifest that under this statute the creditor is not confined to debts due or even to debts owing at the date of the service of the writ. The statute seems to embrace all

608    APPELLATE COURTS OF ILLINOIS.

First National Bank of Knightstown v. Hosier, 234 Ill. App. 605.

. of the following cases: (1) where the debt is owing and due at the date of service; (2) where it is owing at the date of service and becomes due thereafter; and (3) where it is owing and due at any time after the service of the writ, up to the date of the answer. It is accordingly held in *Young v. First Nat. Bank*, 51 Ill. 73, that the garnishee is required to answer and make full discovery in reference to any indebtedness to the debtor up to the time of making his answer, and is not limited in that respect to the date of the service of the writ." *Young v. First Nat. Bank*, 51 Ill. 73, likewise is a case not involving the salary of a wage earner.

In *Howard Co. v. Miller, supra*, the decisions just referred to, *Young v. First Nat. Bank* and *Hanover Fire Ins. Co. v. Connor*, are cited and followed. Those decisions were rendered in 1869 and 1886 respectively. The decision in *Howard Co. v. Miller* was rendered in 1905. That case did involve the salary of a wage earner, and it was there held that the garnishee was liable for payments of salary made by it to the judgment debtor after the service of the garnishment writ. No reference was made in that decision to section 14 of the Garnishment Act [Cahill's Ill. St. ch. 62, ¶ 14], as it had been amended in 1901. That section concerns the question of the wage earner's exemptions. The court points out in the *Miller* case that no question of exemptions was involved in that case and holds that the liability of the garnishee was to be determined solely by a construction of section 5 of the Garnishment Act [Cahill's Ill. St. ch. 62, ¶ 5], to which reference has been made.

A similar decision is to be found in *Heffernan v. Breen & Kennedy*, 207 Ill. App. 344. In this case reference is made by the court to section 14, the court saying: "This is not a case wherein the judgment debtor set up any claim for exemptions by reason of his being a married man and the head of a family,

as covered by section 14 of the Garnishment Act."
The court then held that references made by the gar-
nishee to the provision of that section, covering notice,
were therefore not pertinent. The court then con-
tinued to say: "Rather is section 5 of the statute on
garnishment controlling in these circumstances,"
quoting from *Hanover Fire Ins. Co. v. Connor, supra,*
followed in *Howard Co. v. Miller, supra.*

In our opinion, the decisions made in *Young v. First
Nat. Bank,* and *Hanover Fire Ins. Co. v. Connor* do
not warrant the decisions to be found in *Howard Co.
v. Miller,* and *Heffernan v. Breen & Kennedy.* In
neither of the former cases was the question of the
salary of a wage earner involved as it was in both of
the latter cases. In 1901, some time after the deci-
sions rendered in both of the earlier cases—*Young v.
First Nat. Bank* and *Hanover Fire Ins. Co. v. Connor*
—but before the decisions in the later cases of *Howard
Co. v. Miller,* and *Heffernan v. Breen & Kennedy,* the
legislature amended section 14 [Cahill's Ill. St. ch. 62,
¶ 14], and while that section covers the question of
the exemptions to which a wage earner shall be en-
titled, it also provides that, "No employer so served
with garnishment shall in any case be liable to answer
for any amount not earned by the wage earner at the
time of the service of the writ of garnishment."

In *Fuller v. Bridgeport Wood Finishing Co.,* 203 Ill.
App. 227, which was a garnishment proceeding, the
salary of a wage earner was involved and exemptions
were claimed by the wage earner. In that case sec-
tion 14 of the Garnishment Act, as amended in 1901,
was referred to and it was held that under that section
the garnishee is not required to answer for wages
earned by a wage earner after the service of a writ
of garnishment, citing *Lund v. Dole Valve Co.,* 185 Ill.
App. 350, also a garnishment proceeding involving the
salary of a wage earner. It does not appear that the
latter case involved any question of the exemptions

of the wage earner. The answer filed by the garnishee in that case was to the effect that at the time of "the commencement of the suit" there was nothing due from the garnishee on account of wages or salary, except the sum of $10.50, which was subject to a notice of assignment which had been served upon the garnishee by the assignee which sum the garnishee had subsequently paid such assignee, and that with this exception the garnishee was not indebted to the wage earner in any way. Over the objection of the garnishee, the plaintiff introduced testimony to the effect that at the time of the service of the garnishment writ the judgment debtor was in the employ of the garnishee on a salary of $21 per week, payable weekly; that at the time of the service of the writ, there was due, as salary already earned, $10.50; that the wage earner's salary was subject to a notice of assignment theretofore served upon the garnishee by the assignee, pursuant to which the amount claimed by the assignee had been paid by the garnishee, and, further, that the judgment debtor continued in the employ of the defendant at the same rate of compensation until about October 1, when a new arrangement was made whereby the compensation of the wage earner was paid weekly in advance. Thereupon, the court computed and ascertained the amount of the earnings of the wage earner during the period from the service of the writ to October and found the amount in the hands of the garnishee, the amount which was subject to the claim of the assignee and the amount which was subject to garnishment, and entered judgment for the latter amount in favor of the plaintiff. This court held that it was error to admit evidence as to the earnings of the wage earner as an employee of the garnishee "after answer filed," and to base its finding and judgment on such evidence. The court pointed out that the judgment there in question was attempted to be sustained upon the provisions of section 5 of the Garnishment Act [Cahill's Ill. St. ch. 62, ¶ 5] and that

*Howard Co. v. Miller* was relied upon. The court then observed that in the case so relied upon the construction of section 5 of the Garnishment Act in *Hanover Fire Ins. Co. v. Connor,* was quoted from and followed, and the court then said: ''Under the authorities cited, we are of the opinion that the statute does not authorize garnishment process against unearned salary and cannot be construed to reach the salary to be earned after answer made. Section 14 of the Garnishment Act [Cahill's Ill. St. ch. 62, ¶ 14], as amended in 1901, provides 'No employer so served with garnishment shall in any case be liable to answer for any amount not earned by the wage earner at the time of the service of the writ of garnishment.' If Lund was a 'wage earner' under section 14 the employer was not required to answer for wages earned after the service of the writ. If he was not a wage earner, under that section his salary earned after answer could not be reached under the authorities cited. The question whether he was a wage earner or not, it is not necessary to consider. The legislative policy expressed in section 14, with reference to unearned salary or wages is humane and just and relieves the employee from the hardship of subjecting his unearned wages, at the time of the service of the writ and the answer, to garnishment at the suit of a creditor. The court will not extend by judicial construction the express provision of the statute so as to include what is not expressly contained in the statute. The trial court went beyond the law in entering judgment for wages unearned at the time of the answer of the garnishee.''

In *Pressed Steel Equipment Co. v. Thornburgh Pressteel Co.,* 228 Ill. App. 1, the judgment creditor attempted to reach, in the hands of the garnishee, certain amounts which came to be due from the garnishee to the judgment debtor, after the time of the filing of the answer by the garnishee as well as others which

612          APPELLATE COURTS OF ILLINOIS.

First National Bank of Knightstown v. Hosier, 234 Ill. App. 605.

had come to be due from the garnishee to the judgment debtor before that time. It was held that this could not be done. It was the contention of the plaintiff in that case that the provisions of section 5 of the Garnishment Act, [Cahill's Ill. St. ch. 62, ¶ 5] requiring the garnishee to make answer to interrogatories filed by the plaintiff as to any moneys due from him to the judgment debtor at the time of the service of the garnishment writ, "or at any time after," contemplated reaching a contingent indebtedness where the contingency was removed after answer. In the course of the opinion the court quoted from Drake on Attachments, referring to the garnishee's liability considered with reference to "the time of garnishment," and the court then said: "That time, however, may relate to the date of service of process or to the time of filing the answer, according to the statute of the jurisdiction where the question arises. Under our statute it relates to an existing indebtedness at the time of answer although not due, except under section 14 of the Act [Cahill's Ill. St. ch. 62, ¶ 14] unearned wages after service of the writ are not subject to garnishment."

We are of the opinion that wherever a judgment creditor seeks to subject to his judgment an indebtedness owing from a garnishee to a judgment debtor, he may by appropriate garnishment process accomplish that object as to any debt so becoming due from the garnishee to the judgment debtor, at any time up to the filing of the answer but not thereafter. But if he seeks to subject to his judgment any amount due from the garnishee to the judgment debtor as salary or wages, the judgment debtor being a wage earner, he may not secure anything but such wages or salary as may be shown to have been due and owing from the garnishee to the judgment debtor at the time of the service of the garnishment writ, irrespective of whether the situation involves a question of exemp-

tions or not. Section 14 of the Garnishment Act, as amended in 1901, distinctly says that, "No employer so served with garnishment shall in any case be liable to answer for any amount not earned by the wage earner at the time of the service of the writ of garnishment." Section 2 of the Act of May 11, 1901, by which the legislature adopted this amendment to the Garnishment Act, provides that "all acts or parts of acts in conflict herewith are hereby repealed." Laws of Illinois, 1901, p. 215.

It is unfortunate that any judgment should be entered on so slight a showing as is indicated by the bill of exceptions appearing in the case at bar. As previously pointed out, the answer of the garnishee, under oath, was to the effect that at the time of the service of the garnishment writ there was nothing due or owing from the garnishee to the judgment debtor. Apparently, upon the bare statement of counsel for the garnishee, to the effect that the judgment debtor was in the employ of the garnishee at a salary of $55 per week, the court entered judgment against the garnishee for $133.45. The statement of counsel representing the garnishee warrants the inference that the judgment debtor was a wage earner under the statute. Nothing having been shown contrary to the sworn answer of the garnishee, to the effect that the latter owed the judgment debtor nothing at the time of the service of the garnishment writ, the finding of the trial court presumably was for wages which had been earned by the judgment debtor subsequent to that time. This, in our opinion, was contrary to the plain provision of section 14 [Cahill's Ill. St. ch. 62, ¶ 14] of the statute.

There is considerable argument by counsel for the respective parties in the briefs filed in this court on the question of whether the garnishee had the right to set off the notes of the judgment debtor, which it held, against the amount which the court considered

as due and owing from the garnishee to the judgment debtor, as salary. There having been no proper showing of any kind, to the effect that there was anything due and owing from the garnishee to the judgment debtor, which the plaintiff could recover in garnishment proceedings, as against which the set-off claimed could apply, we are of the opinion that the question of such rights as the garnishee might have in the matter of the set-off, is not involved on this appeal and we therefore do not pass upon it.

For the reasons stated, the judgment of the municipal court is reversed and the cause is remanded to that court for further proceedings not inconsistent with the views herein expressed.

*Judgment reversed and cause remanded.*

O'CONNOR, P. J., and THOMSON, J., concur.