## SAMUEL W. PEASE ET AL.
### v.
## THE UNDERWRITERS' UNION, use, etc.

1. CORPORATIONS—LIABILITY OF STOCKHOLDER, ETC., UNDER THE STATUTE, FOR UNPAID STOCK—MANNER OF PROCEEDING AGAINST—STATUTE CONSTRUED.—A creditor of a corporation may bring suit in any of the usual forms of action, for an indebtedness due to him from such corporation, and upon sueing out summons may at the same time sue out a garnishee summons against any of the stockholders whose subscription to the capital stock is wholly or in part unpaid, and by the service of such summons upon the stockholder, may prevent further payment to the corporation for such stock, and hold the same in abeyance, to await the result of the trial of the original cause; and when a recovery is had, the garnishee may be compelled to respond to such judgment creditor instead of paying his indebtedness to the corporation.

2. PROCEEDING UNDER THE STATUTE.—If the cause is commenced and conducted according to the statute, the whole proceeding will constitute but one case, and upon the trial of the issues formed upon the answers of the garnishees, the Court will take judicial notice of the judgment against the principal debtor.

Pease et al. v. The Underwriters' Union.

3. PROCEEDING BY THE USUAL PROCESS OF GARNISHMENT—PROOF OF JUDGMENT.—But where the creditor having obtained a judgment against the corporation, seeks to enforce the liability of the stockholder by a subsequent, independent proceeding of garnishment in the usual manner upon such judgment, the proceeding is essentially different, and proof of the judgment originally obtained against the corporation must be made upon the trial of the issues against the garnishee.

3. DENIAL OF LIABILITY—BURDEN OF PROOF.—The garnishees having answered, denying that they were stockholders, and had never been subscribers to the capital stock in said corporation, the burden of proof was upon the party insisting upon their liability as stockholders to show that they were such.

4. CERTIFIED COPY OF ARTICLES OF INCORPORATION AS EVIDENCE.—A certified copy of articles of incorporation, wherein the names of the garnishees appear as subscribers to the capital stock, is incompetent evidence for the purpose of overcoming the answers of the garnishees denying that they ever subscribed to such capital stock, without showing in some way that they were parties to the original articles of incorporation.

5. LIMIT OF LIABILITY—INDIVIDUALLY, NOT JOINTLY.—By the terms of the statute, the liability of the stockholder is limited by the amount of his subscription unpaid at the time of service of the [garnishee summons, and such liability is individual, not joint. The statute does not intend a joint liability as partners.

APPEAL from the County Court of Cook county; the Hon. MASON B. LOOMIS, Judge, presiding.

Messrs. ELDRIDGE & TOURTELLOTTE, for appellants; argued that the certified copy of articles of incorporation offered in evidence was incompetent, as against strangers, and cited Chase v. Sycamore & Courtland R. R. Co. 38 Ill. 215; Whitaker v. Wheeler, 44 Ill. 440; Yocum v. Benson, 45 Ill. 435.

That the record fails to state sufficient grounds to authorize the commencement of garnishee proceedings: Mich. Cen. R. R. Co. v. Keohane, 31 Ill. 145; Campbell v. McCahan, 41 Ill. 45.

That the burden of proof is upon the plaintiff to show that defendants were stockholders: Kergin v. Dawson, 1 Gilm. 86; McCoy v. Williams, 1 Gilm. 584.

As to conditions under which a subscriber to capital stock may become a stockholder, and when not: Busey v. Hooper, 35 Md. 15; Chase v. Sycamore & Courtland R. R. Co. 38 Ill. 215;

Pease et al. v. The Underwriters' Union.

Starratt v. Rockland F. & M. Ins. Co. 65 Me.; Belfast & M. R. R. Co. v. Cottrell, 66 Me.; Bucher v. Dillsburg, etc. R. R. Co. 76 Pa. St. 306; Steele v. Dunne, 65 Ill. 298; Stowe v. Flagg, 72 Ill. 397; Thrasher v. Pike Co. R. R. Co. 25 Ill. 393.

That defendants' liability, if any, is individual and not joint: Hurd's Stat. 1874, 288; Baker v. Adm'r of Backus, 32 Ill. 82; Crystal Lake Ice Co. v. Backus, 32 Ill. 116.

Mr. J. W. WAUGHOP, for appellee; as to liability of a stockholder on unpaid subscriptions for stock, cited Upton, assignee, v. Tribilcock, 8 Chicago Legal News, 65; Butler v. Walker, 80 Ill. 345.

That the original judgment against the corporation is not a necessary jurisdictional part of this case: Warne v. Kendall, 78 Ill. 598.

That the liability is joint: Hurd's Stat. 1877, 285, § 8.

MURPHY, P. J.   This is a garnishee proceeding commenced in the County Court of Cook county, by George W. Miller, against the appellants as stockholders of the Underwriters' Union, a corporation organized under the laws of this State. Such proceedings were had in the court below at the January term, A. D. 1878, as resulted in a judgment against Samuel W. Pease and Charles F. Loomis, as garnishees of said corporation, jointly, for the sum of $550.00, from which they prosecute an appeal to this Court, and assign for error:

First, that the court erred in admitting improper evidence offered on the part of the appellee, and in overruling the appellants' objection thereto.

Second, that the judgment is contrary to law.

Third, the judgment is not supported by the evidence.

Fourth, the judgment, if any, should have been against the appellants separately.   There are other errors assigned, but it is not deemed necessary for us to consider them.

This was a proceeding under the 8th section of chapter 32, of the Revised Statutes of 1877, at page 284, being an act

concerning corporations, approved April 18, 1872, which reads as follows:

"Every assignment or transfer of stocks on which there remains any portion unpaid, shall be recorded in the office of the recorder of deeds of the county within which the principal office is located, and each stockholder shall be liable for the debts of the corporation to the extent of the amount that may be unpaid upon the stock held by him, to be collected in the manner herein provided. No assignor of stocks shall be released from any such indebtedness by reason of any assignment of his stock, but shall remain liable therefor jointly with the assignee until the said stock be fully paid. Whenever any action is brought to recover against the corporation, it shall be competent to proceed against any one or more stockholders at the same time to the extent of the balance unpaid by such stockholders upon the stock owned by them respectively, whether called in or not, as in cases of garnishment. Every assignee or transferree of stock shall be liable to the company for the amount unpaid thereon to the extent and in the same manner as if he had been the original subscriber."

It will be seen that by the terms of this statute a new remedy is provided for the creditors of corporations, by providing that "Whenever any action is brought to recover any indebtedness against the corporation, it shall be competent to proceed against any one or more stockholders at the same time * * as in case of garnishment." There has been some discussion between counsel in the case, as to the proper form of procedure by the *usee* Miller, to avail himself of the benefit of this new remedy.

There has been no judicial construction of this statute that we are aware of, and we are left to determine just what the mode of proceeding contemplated by the legislature was.

We think the language employed in the statute is unambiguous, and fairly interpreted means that a creditor of a corporation may bring suit in any of the usual forms of action for any indebtedness due to him from such corporation, and upon suing out summons, may by virtue of this statute sue out at the same time a garnishee summons, directed to any of the stock-

holders of such corporation, whose subscription to the capital stock thereof is wholly or in part unpaid, and that by the service of such garnishee summons upon such stockholder, prevent his further payment for such stock to the corporation, but hold the same in abeyance, to await the result of the trial of the original cause, and when a recovery is had (if at all) the garnishee may be then compelled to respond to such judgment creditor instead of paying his said indebtedness to the corporation.

This is briefly and substantially the proceeding which we think the statute authorizes at the instance of a creditor of a corporation.

It appears from a transcript of the record of the original cause, filed as an additional record in this case, but which was not used in the trial below and not included in the bill of exceptions, and as a consequence we cannot make it the basis of any action of ours in determining the case, that the creditor, George W. Miller, in attempting to avail himself of said statute, commenced suit in the Court below against the Underwriters' Union and the appellants jointly, and that afterwards and during the progress of the cause in that Court, he dismissed said suit as to the appellants, and prosecuted his claim to judgment against said corporation, then resorted to the usual process of garnishment under the statute, upon such judgment, having first filed his affidavit, and from thence appears to have abandoned his purpose of proceeding under the statute above quoted, and conducted the case in conformity to the requirements of chapter 62 of the Revised Statutes of 1877. This becomes material in determining the necessity of the introduction on the trial below of the record of said judgment.

For if commenced and conducted according to the statute above quoted, then the whole proceeding constitutes one case, and upon the trial of the issue formed upon the answers of the appellants, the court would take judicial notice of the judgment, and it need not necessarily be offered in evidence.

But where, as in this case, the proceeding against the garnishees is an independent proceeding on the judgment rather than upon the indebtedness, as we have shown the statute con-

templated, the proceeding is essentially different, and to maintain which the judgment so obtained by said Miller would necessarily have to be introduced in evidence and preserved in the bill of exceptions, when such bill purports, as in this case, to contain all the evidence offered on the trial.

We think the court erred in rendering judgment against appellants as garnishees, proceeded against as above shown, without proof of the judgment originally obtained in the case between Miller and the corporation.

The issues being formed by the order of the court under the statute as to the truth of the answers of the appellants as garnishees in the court below, the appellants having answered that they were not stockholders in said corporation, and never had been subscribers to its capital stock, the *onus probandi* was upon the appellee: 1st Gilman, 86; McCoy v. Williams, Id. 584. Upon the trial of that issue the appellee offered in evidence a certified copy of the articles of incorporation of the Underwriters' Union, for the purpose of showing appellants to be stockholders therein, which was admitted by the court over the objection of appellants. We are at a loss to see on what legal grounds this was allowed by the court. It is not pretended that the names of the appellants, which appear there as subscribers for stock, are in the hand-writing of the appellants; nor is there any evidence tending to show that they ever signed the original, of which this purports to be a copy, or were in any way connected with its execution as original evidence of a cause of action against appellants, and so furnishing a basis of recovery against them. We think this certificate of incorporation was incompetent, and its admission against the objection of appellants, error. These appellants both answer to the interrogations filed, that they never at any time subscribed for stock in this corporation, and it will not be competent for the purpose of overcoming such answers to to introduce copies of articles of incorporations in which their names appear, without showing in some way that they were parties to the original.

By the terms of this statute giving this remedy, it is provided that the liability of stockholders shall be limited by the

amount of their subscriptions unpaid at the time of service of the garnishee summons. From the language employed it is obvious that the liability is individual and not joint. They are not intended to be made liable jointly as partners, but individually, according to their unpaid subscription to the capital stock of the corporation. If it were otherwise, the greatest injustice would inevitably ensue.

To illustrate: Suppose two stockholders of a corporation are sued by garnishment for $1,000.00; one of such stockholders, owing for and owning $1,000.00 of the stock and one $100.00 of the stock, the latter being personally responsible and the former wholly irresponsible. If they are jointly liable a judgment would go against them jointly as garnishees for the $1,000.00. By the judgment therefore against the corporation, the stockholder who only owns $100.00 of the stock, and consequently only owes the corporation $100.00, would thus be compelled to pay $1,000.00, whilst in fact he only owes the corporation $100.00. This construction of the statute will not do. It cannot be supposed for a moment that the legislature intended anything of the kind, and yet if the view contended for by the appellee be adopted, such a result is unavoidable.

It was therefore error for the court below to render judgment, even though the case were fully made out by the proof against the defendants jointly; and for these errors the judgment of the court below is reversed and the cause remanded.

                                        Judgment reversed.