# Hamburg-Bremen Fire Insurance Company v. George Kennedy, for use of Robert Shirley.

1. CORPORATIONS—*How They Act—Presumptions.*—A corporation, as such, acts only through officers and agents. Its appearance in legal proceedings may be entered by counsel, and when done, a presumption of authority arises; but a mere verbal statement in the record gives rise to no such presumptions.

2. GARNISHMENT—*Insurance Companies—Adverse Interests Disclosed by the Answer.*—Where the answer of a garnishee discloses parties and interests adverse to the rights of the execution debtor, than whom the garnishing creditor has no greater rights, it is the duty of the court, in order to protect the rights of such parties, to see that they are properly brought before the court so that the rights of all parties in interest may be adjudicated; until this is done the cause is not in a condition to be heard.

3. TENDER—*In Open Court—Sufficiency.*—In a proceeding by garnishment it appeared by the answer of the garnishee that one of the garnishing creditors had obtained judgment by attachment, but had not been notified or voluntarily appeared. The garnishor offered in open court to pay this judgment, but did not produce the money or have his offer entered of record so as to bind him. *It was held* that it afforded no protection to the garnishee, and was error to render judgment against him without deducting the amount of the judgment in question.

4. DISCLAIMER—*Practice—Garnishment.*—A disclaimer by parties in interest disclosed by the answer of a garnishee under Sec. 11, Ch. 62, R. S., entitled "Garnishment" in order to protect the garnishee and be effective, must be in writing, and properly entered of record in the proceeding.

Memorandum.—Garnishee proceedings. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the October term, 1894. Reversed and remanded. Opinion filed December 20, 1894.

APPELLANT'S BRIEF, GEO. S. STEERE, ATTORNEY; EDWARD C. FITCH, OF COUNSEL.

The creditor in garnishment has no greater or different rights than the execution debtor in whose name the suit is brought. Richardson v. Lester, 83 Ill. 55; Peck v. Coalfield Coal Co., 3 Ill. App. 619; Sheldon v. Hinton, 6 Ill. App. 216; Haines v. O'Connor, 5 Ill. App. 213.

The court will notice and protect the interests of equitable owners of choses in action. Horn v. Booth, 22 Ill. App. 385; Hudson v. McConnell, 12 Ill. 170; Carr v. Waugh, 28 Ill. 418.

Perry O. Gray, attorney for appellee; George W. W. Lytle and C. A. Shirley, of counsel.

Mr. Justice Shepard delivered the opinion of the Court.

The appellant insured the appellee, George Kennedy, against loss by fire upon his certain saloon fixtures and stock, which were subsequently totally destroyed by fire.

Robert Shirley having recovered a judgment at law against the said Kennedy upon which execution was returned "no property found," sued out garnishee process against the appellant.

The appellant, as garnishee, answered and admitted that it issued a policy of insurance to Kennedy covering the destroyed property, but neither admitted nor denied its liability thereunder, and set up that no sufficient proofs of loss had yet been presented to it.

The answer further set up that appellant had been garnisheed at the suits of other parties, naming them, and that various other parties, naming them, claimed the insurance money, if there was any owing by appellant under said policy, by virtue of certain powers of attorney, and as assignees and owners of said policy of insurance, and the avails thereof, if any.

The answer also set up that there were certain chattel mortgages made by Kennedy to certain persons, naming them, covering the property insured, and contended that if they were held to be valid incumbrances, there would be no liability by appellant under the terms of said policy.

It was prayed by the answer that all of said parties should be summoned into court to maintain their rights, if any they had, to the fund garnisheed.

The cause was placed upon the short cause calendar, and when called for trial the appellant objected that the parties

named in its answer had not been brought into court, and that no order of court to that end had been entered.

It was thereupon stated in open court by appellee's counsel that all of the parties named in the appellant's answer, except the two who had garnisheed the appellant, were present in court and disclaimed; and it was then shown that as to one of the garnishing creditors the attachment had been quashed; and as to the other, the appellee, Shirley, then offered to pay the judgment upon which the garnishee writ was based. No disclaimer in writing was filed or offered by any of the parties who, it was stated, disclaimed, nor was their appearance entered of record.

One of the parties who, it was said by counsel, disclaimed, was a corporation, and as such could act only through its officers or agents, but there was nothing offered to evidence its disclaimer. Being a corporation it could not, as such, have been bodily in court, and the statement of counsel that it was there was manifestly untrue.

Had its appearance been entered by counsel, a presumption of authority would have arisen; but a mere verbal statement, such as is disclosed by the record, gives rise to no such presumption, and affords no protection whatever to the appellant. The claim of the corporation, as set forth in the answer of appellant, was to the whole of the insurance money, and it was of first importance that if it desired to disclaim it should be done in a way that would bind it.

Where the answer of a garnishee discloses parties and interests adverse to the rights of the execution debtor, than whom the garnishing creditor has no greater rights, it is the duty of the court, in order to protect the rights of such parties, to see that they are properly brought before the court so that the rights of all parties in interest may be adjudicated.

Until that was done the cause was not in a condition to be heard, and it was error to force the appellant to a trial in their absence, when they were not notified to appear.

The statute (Sec. 11, Ch. 62, entitled " Garnishment ") is express, that if the claimant disclosed by the answer of a garnishee does not voluntarily appear, he shall be notified

to appear and maintain his right, in such manner as the court shall direct.

It appears that one of the garnishing creditors, Mary Quinlan, set forth and named in the answer of appellant, had been successful in maintaining her attachment and had secured judgment therefor. The offer of Shirley, made in open court, to pay that judgment, without producing the money, or having the offer entered of record so as to bind him, afforded no protection to the appellant, and it was error to render judgment against him without deducting the amount of the judgment in favor of Mary Quinlan.

We express no opinion upon the other assigned errors, as there will be ample opportunity for them, if they exist, to be corrected at another trial; but for the errors indicated, the judgment will be reversed and the cause remanded.