### Sol Siegel et al., Defendants in Error, v. Julius Moses et al., Plaintiffs in Error.

### Gen. No. 15,279.

1. GARNISHMENT—*when cause not at issue.* If the answer of the garnishee sets up a claim to the fund in his possession in favor of a third person, it is error to render judgment without notifying such third person of the pendency of the proceeding and afford him opportunity to make claim.

2. GARNISHMENT—*what proof essential to maintenance.* Proof must be made in a garnishment proceeding of the judgment on which it is based in order to show a right to maintain the proceeding.

Garnishment. Error to the Municipal Court of Chicago; the HON. FRANK P. SADLER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Reversed and remanded. Opinion filed February 14, 1911. Rehearing denied March 3, 1911.

WALTER BACHRACH, for plaintiffs in error.

ALBERT G. ROSENBAUM and FRANCIS H. CLARK, for defendants in error.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

Siegel & Borge, defendants in error, for the use of J. Doppelt instituted a garnishment proceeding in the Municipal Court of Chicago against Julius Moses and his firm of Moses, Rosenthal & Kennedy, upon an alleged judgment for $200 recovered by Doppelt against the firm of Siegel & Borge. Service of the garnishment was had on Julius Moses only. He answered orally that a portion of the fund alleged to be in his possession was subject to a claim in favor of the Knoxville Woolen Mills, a creditor of Siegel & Borge amounting to $61.24, which he had promised to pay out of the fund in his hands if Siegel & Borge had received the goods.

The Knoxville Woolen Mills did not appear in the action, nor was any notice of the proceeding given it.

The trial court without taking any notice of the claim of the Woolen Mills or the obligation of Moses to pay it entered into prior to the garnishment, entered judgment for $90 against the garnishees, Moses, Rosenthal & Kennedy, and Julius Moses.

In our opinion notice should have been given the Knoxville Woolen Mills of the pendency of the proceedings in order that it might have an opportunity to assert and protect its rights, and until that was done the cause was not at issue and in a condition to be heard. Hamberg-Bremen F. I. Co. v. Kennedy, 57 Ill. App. 136; Chott v. Tivoli A. Co., 82 id. 244.

Another fatal objection to the judgment, and for which it must be reversed, is that no proof was made, as shown by the record, of the judgment originally obtained by Doppelt against Siegel & Borge upon which the garnishment proceeding was based. Proof must be made in a garnishment proceeding of the judgment on which it is based in order to show a right to maintain the proceeding. Pease v. Underwriters Union, 1 Ill. App. 287.

Service on Julius Moses alone is not service on the other members of the firm.

The judgment is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*

MR. JUSTICE CLARK took no part in the decision of this case.