**M. M. Sheehan for use of Henry Best, Defendant in Error, v. The Union Stock Yard and Transit Company of Chicago, Plaintiff in Error.**

### Gen. No. 16,792.

1. GARNISHMENT—*what plaintiff must prove.* In garnishment cases the plaintiff must prove the judgment and issuance of execution and return "no property found."

2. GARNISHMENT—*plaintiff's affidavit not evidence of judgment.* The plaintiff's affidavit in garnishment cases is not evidence of the obtaining judgment, issuance of execution, and return "no property found."

3. GARNISHMENT—*exemptions.* Whether one is a "wage earner" within the meaning of the Garnishment Act, sec. 14, is a mixed question of law and fact.

4. GARNISHMENT—*wage earner.* Under the Garnishment Act, sec. 14, providing for exemption from garnishment of wages of a wage earner who is the head of a family, one is a wage earner whose services require physical or manual labor whether skilled or unskilled.

5. GARNISHMENT—*exemption.* In garnishment, where an exemption of $15.00 per week is claimed by the nominal plaintiff under

the Garnishment Act, sec. 14, evidence as to the nature of the services or work performed is necessary to enable the court to determine whether the money due is wages of a wage earner within the act.

Error to the Municipal Court of Chicago; the Hon. CHARLES N. GOODNOW, Judge, presiding. Heard in the Branch Appellate Court at the December term, 1910. Reversed and remanded. Opinion filed October 3, 1912.

WINSTON, PAYNE, STRAWN & SHAW, for plaintiff in error; T. A. SHEEHAN and RUPERT D. DONOVAN, of counsel.

No appearance for defendant in error.

MR. JUSTICE FITCH delivered the opinion of the court.

Defendant in error began a garnishment suit by filing an affidavit in the Municipal Court, reciting that on March 19, 1910, Henry Best recovered a judgment in the Municipal Court against M. M. Sheehan for $36 and costs; that execution thereon was issued and returned "no property found," and that plaintiff in error was indebted to said Sheehan. Plaintiff in error was served as garnishee and filed its answer, verified by affidavit, to the effect that it was indebted to M. M. Sheehan in the sum of $21.15 for wages earned in its service as a clerk in its auditor's office; that said Sheehan is the head of a family, consisting of herself and two sisters, with whom she resides and whom she supports, and is entitled to the statutory exemption of $15 a week, for which she has made a demand on it and has filed an affidavit to that effect, which affidavit is attached to the answer of the garnishee. The case was heard entirely upon the affidavit of the plaintiff and the answer of the garnishee, and the court held that a clerk is not entitled to the exemption provided in section 14, chapter 61 of the Revised Statutes of Illinois, and entered judgment against the garnishee·

530    APPELLATE COURTS OF ILLINOIS.

Sheehan v. Union Stock Yard and Transit Co., 172 Ill. App. 528.

for $21.15.   This writ of error is brought to reverse that judgment, and plaintiff in error assigns as error, first, that there was no proof of any judgment against the nominal plaintiff, the affidavit alone not being evidence of that fact; second, that the court erred in its construction of the exemption statute above named.

We are of the opinion that both errors are well assigned.  In garnishment cases the plaintiff must prove the judgment upon which the proceeding is based, the issuance of the execution, and its return "no property found."  The affidavit is not evidence of these facts.   Bank of Montreal v. Taylor, 86 Ill. App. 388; Davis v. Siegel, 80 Ill. App. 278.

As to the second point raised, section 14 of the Garnishment Act provides as follows:

"The wages for services of a wage earner who is the head of a family and residing with the same to the amount of fifteen ($15) dollars per week shall be exempt from garnishment."

There is no evidence in this record as to the nature of the work or services performed by the nominal plaintiff.   This was necessary, in our opinion, in order to enable the court to determine whether the money due from the plaintiff in error to her was "wages for services of a wage-earner."   This is a mixed question of law and fact.   If the facts are, that the money due to an employee is money which has been earned by such employee as "wages" in an occupation requiring physical labor, whether skilled or unskilled, then the employee to whom such money is due is a "wage-earner" within the meaning of the statute, and entitled to the statutory exemption.   A clerk may or may not be such a wage-earner, according to the facts regarding the nature and character of his or her work.   In Heckman v. Tammen, 84 Ill. App. 537, a clerk in a printing office was held to be a "laborer" within the meaning of the Act of June 21, 1895, giving preference to debts owing to "laborers, servants or employes"; and on appeal to the Supreme Court, the decision of

the Appellate Court in this respect was expressly approved. Heckman v. Tammen, 184 Ill. 144, 148. In the latter case the Supreme Court said (p. 148): "These appellees performed *physical labor* as type-setters, cylinder feeders, pressmen, and one also kept the books, at stipulated wages of so much per week. That in their employment they had acquired and used skill would not render the designation of 'laborer' inapplicable. They labored *with their hands* for their employer for wages, and were clearly laborers within the meaning of the statute. To so construe the statute as to limit its benefits to mere menial servants performing the lowest forms of labor requiring no skill, would, we think, do violence to the meaning of the act and leave the evil intended to be cured to remain in existence only slightly mitigated. While we are disposed to hold that the statute must be confined to those who perform manual services, still it cannot be confined to such services only that require no skill in the performance of them." In Seymour v. Berg, 227 Ill. 411, the case of Heckman v. Tammen, *supra,* was overruled in part, but the part affected was not the point here under discussion, and the language above quoted has never, to our knowledge, been criticised or distinguished in any later case. In other jurisdictions, a clerk in a store has been held to be a laborer within the meaning of similar statutes. Williams-v. Link, 64 Miss. 641; Cawood v. Wolfley, 56 Kan. 281. In Weymouth v. Sanborn, 43 N. H. 171, the court, in discussing a similar statute, defines a laborer as one who subsists by *physical toil,* in distinction from one who subsists by *professional skill.*

In Manowsky v. Stephan, 233 Ill. 409, it was said, referring to the Act of 1889, authorizing the collection of an attorney's fee in suits for wages (p. 413): "That statute applies only to wage-earners, * * * applies to all wage-earners without discrimination." The "wage-earners" mentioned in the act there con-

strued are as follows: ''Mechanics, artisans, miners, laborers or servants, and employes.''

While it is true that in none of the decisions above cited was the construction of section 14 of the Garnishment Act directly involved, yet, the principle of such cases is, we think, clearly applicable to the section here under consideration. If, under the statutes construed in the cases cited, a clerk is a wage-earner, provided his work requires physical or manual labor, it seems to us clear, that the same construction must be given to section 14 of the Garnishment Act.

For the reasons indicated, the judgment of the Municipal Court will be reversed and remanded for further proceedings, not inconsistent with the views herein expressed.

*Reversed and remanded.*