## John B. Dandridge, for use of Albert J. W. Appell, Appellee, v. Northern Trust Company, Appellant.

### Gen. No. 25,068.

1. APPEAL AND ERROR, § 828*—*what need not be included in bill of exceptions.* Where it appears that the garnishment proceedings are a part of the cause as that in which the original judgment was entered and the trial court takes judicial notice of all that transpired in the cause, it is unnecessary to have the judgment and execution and return offered in evidence, and thereafter, on appeal or writ of error, made a part of the bill of exceptions, but it is sufficient if they appear in the common-law record.

2. EVIDENCE, § 4*—*when court will take judicial notice of garnishment proceedings.* On garnishment proceedings which are a part of the same cause as that in which the original judgment was obtained, the trial court should take judicial notice of all that transpired in the cause.

3. GARNISHMENT, § 126*—*what evidence as to ownership is admissible.* On garnishment proceedings, evidence of the debtor, the nominal plaintiff, on behalf of the garnishee to show that the fund which it is sought to reach does not belong to him personally but as attorney, should be admitted.

4. GARNISHMENT, § 63*—*when garnishee must state manner of holding fund.* It is the garnishee's duty to inform the court in just what way it holds the fund sought to be reached, particularly if it has knowledge that the fund is not the property of the debtor but belongs to others.

Appeal from the Municipal Court of Chicago; the Hon. HUGH R. STEWART, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1919. Reversed and remanded. Opinion filed April 21, 1920.

CHARLES M. HAFT, for appellant.

W. S. JOHNSON, for appellee.

MR. JUSTICE TAYLOR delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

On September 5, 1918, Albert J. W. Appell filed an affidavit in the municipal court reciting that a judgment had been rendered by said court in his favor and against John B. Dandridge for the sum of $552.37 and certain costs, and an execution had been issued thereon and returned "No property found"; that the affiant had reason to believe that the Northern Trust Company was indebted to the defendant, Dandridge, and had effects and estate of his in its possession. On the same day a garnishee summons was duly issued against, and on September 6, 1918, served, upon the Northern Trust Company, to answer as to what property it had in its hands belonging to John B. Dandridge.

On September 9, 1918, the Northern Trust Company, garnishee, answered that at the time of the service it had not in its possession any property belonging to J. B. Dandridge, but that it had in its possession at the time of service and now has "the sum of thirty-four dollars and twenty-six cents ($34.26) to the credit of 'John B. Dandridge, Atty.,' and that said John B. Dandridge claims that said sum is held by him in trust and is not his individual property."

At the trial which was had by the court without a jury, counsel for the Northern Trust Company, garnishee, asked that it be allowed to put Dandridge on the stand on behalf of the garnishee. That request being refused, counsel then offered to prove that, at the time of the service of the garnishee process, the Northern Trust Company had not, and has not had since, any money in its hands belonging to Dandridge; that the latter in his business as an attorney received and deposited in the Northern Trust Company certain money belonging to certain clients; that none of his own money was deposited in that account; that said account was not used by him as his individual account or for any of his personal uses but solely to carry funds belonging to clients and for that purpose

alone.    That offer of evidence was by the trial judge refused.

It is recited in the record that the court before making its finding took judicial notice of the judgment theretofore entered on January 28, 1918, in favor of Appell and against Dandridge, the defendant, for the sum of $552.37.

At the close of the evidence, counsel for the Northern Trust Company presented five propositions of law to be held.    The court refused them all but one; and on September 1, 1918, entered judgment against the garnishee in the sum of $34.26.

It is claimed on behalf of the garnishee that it does not appear in the record that an execution was ever issued and returned, *nulla bona,* before the garnishment, and, further, that the evidence offered on behalf of the garnishee concerning funds in the hands of the garnishee should have been admitted.

Garnishment proceedings are statutory; and it is a condition precedent to garnishment that there shall be a judgment, issuance of an execution, and a return "No property found."

Where it appears, as it does here, that the garnishment proceedings are part and parcel of the same cause as that in which the original judgment was obtained—the original and garnishment proceedings bear the same general number—and the trial court takes, as it should, judicial notice of all that has transpired in the cause, we are of the opinion that it then becomes unnecessary to have the judgment and execution and return offered in evidence, and thereafter, on appeal or writ of error, made a part of the bill of exceptions.    We are of the opinion that it is sufficient if they appear in the common-law record as they do here.    In *Sheehan v. Union Stock Yard & Transit Co.,* 172 Ill. App. 528, it does not appear that the proceedings in which the judgment was obtained and

those begun in garnishment were one and the same cause.

As to the admission of the evidence offered on behalf of the garnishee: The offer was to prove by Dandridge, the nominal plaintiff, on behalf of the garnishee, the Northern Trust Company, that neither at the time of the service of process nor since then did the Northern Trust Company have any money in its hands belonging personally to Dandridge. We are of the opinion that the garnishee should have been allowed the right to offer evidence on that subject. That Dandridge was named as the judgment debtor could, of course, make no difference, and it was the duty of the garnishee to inform the court in just what way it held the fund which it described in its answer. If it had knowledge that Dandridge claimed that that particular sum was trust property and not individual property, it was particularly important that the truth should be known in order that that fund might not through error be taken to pay a personal debt of Dandridge when, in fact, it was the rightful property of other persons. *Gorham v. Massillon Iron & Steel Co.*, 209 Ill. App. 606; *Greenwich Ins. Co. v. Columbia Mfg. Co.*, 73 Ill. App. 560.

Owing to the errors mentioned, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

MR. PRESIDING JUSTICE THOMSON and MR. JUSTICE O'CONNOR concur.