George T. Hankel, trading as Ideal Book Bindery, Appellee, v. East & West Publishing Company, on appeal of Samuel M. Melamed, Garnishee, Appellant.

Gen. No. 30,176.

1. Corporations—*nonissuance of stock certificates as precluding proof of payment of subscription.* In garnishment proceedings against a stockholder of the defendant corporation wherein it was sought to fix liability upon the garnishee upon the ground that he was indebted to the defendant for the balance of his stock subscription, it was error to refuse to permit the garnishee to prove that the alleged balance had been paid, either by the garnishee or by other persons, on the ground that no certificate of stock had been issued on such subscription.

2. Corporations—*demand for payment as prerequisite to enforcement of payment in garnishment proceedings.* Where the subscriber to the stock of a corporation to the value of $4,800 had paid $2,300 thereon, he could not escape garnishment of the balance of such obligation on the ground that no demand therefor had been made upon him pursuant to Cahill's St. ch. 32, ¶ 32, such provision having reference only to stock subscriptions payable in instalments.

Appeal by defendant from the Municipal Court of Chicago; the Hon. Theodore F. Ehler, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1925. Reversed and remanded. Opinion filed January 20, 1926. Rehearing denied January 30, 1926.

Shulman, Shulman & Abrams, for appellant; Meyer Abrams, of counsel.

William J. Sheridan, for appellee; Newman A. Du Mont, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

George T. Hankel, doing business as Ideal Book Bindery, brought an action in contract in the municipal court of Chicago against the East and West Publishing Company, a corporation. There was a finding and judgment in plaintiff's favor for $226. An execution was issued and the return of the bailiff shows that he was unable to find the defendant or any property belonging to it, and he therefore, returned the execution wholly unsatisfied. Afterwards, an affidavit for garnishee summons was filed in the same case, summons was issued and served on Samuel Melamed and others. He, together with the other garnishees, filed an answer setting up that they were not indebted to the defendant corporation. The answer was contested and the matter heard before the court without a jury. The court found against the garnishee Melamed for $226, judgment was entered on the finding and he appeals.

The record discloses that Melamed was a subscriber for 48 shares of the capital stock of the defendant corporation at par value of $4,800, of which he had paid but $2,300, and apparently Melamed was brought in as a garnishee on the theory that he owed the difference between $4,800 and the $2,300 or $2,500 to the corporation for his unpaid subscription. The evidence further tends to show that about two months after the original papers were filed in the office of the secretary of state at Springfield, the charter of the defendant corporation was amended, apparently changing the number of shares and the par value of them, but the record is confused. Counsel for plaintiff says that the capital stock was increased by the amendment, but this is unimportant upon this appeal, because it is clear that the judgment against the garnishee must be reversed. During the trial the garnishee sought to prove, although his offer is considerably confused, that all of the stock of the corporation had been paid for

in full; that the garnishee's subscription of $4,800 had been paid into the corporation, part of it by the garnishee himself, Melamed, and the balance by other parties. The court refused to allow this proof to be made upon objection from plaintiff, apparently for the reason that stock certificates had not been issued by the corporation. We think this was error and upon a retrial of the case all evidence should be admitted tending to show that the corporation has received the $4,800, which the garnishee agreed to pay by his subscription of the stock, even if no certificate of the stock was ever issued.

Counsel for the garnishee contends that the record fails to show that an execution was issued and returned unsatisfied, and, therefore, the court was without jurisdiction to enter the judgment appealed from. The garnishment proceeding is but ancillary to the principal action—a continuation of it and the affidavit for garnishment summons was properly filed in that action. *Dandridge v. Northern Trust Co.,* 218 Ill. App. 138; *Senelick v. Mann,* 239 Ill. App., *post.* As we said in the *Dandridge* case, where a garnishment proceeding is part and parcel of the cause in which the original judgment was obtained, the trial court should take judicial notice of all that transpired in the original cause, and, therefore, it was unnecessary to have the judgment, execution and return offered in evidence. We are still of the opinion that what we said in that case is sound. The garnishment proceedings being ancillary and but a part or continuation of the original action, the record in the original action, including the execution and its return, ought to be judicially noticed, but there seems to be some question about this proceeding as appears from the opinion of the Supreme Court rendered in the case of the *LaSalle Opera House Co. v. LaSalle Amusement Co.,* 289 Ill. 194. That case was in garnishment and the court said (p. 198): "All portions of the record in the original pro-

ceeding having a bearing on the question of the jurisdiction of the court in rendering a judgment are part of the record in the garnishee proceedings. (*Dennison v. Taylor,* 142 Ill. 45.) The execution issued and its return are not part of the common law record in the original proceeding, but they, together with the affidavit for the summons against the garnishee, are the means of acquiring jurisdiction in the garnishee proceedings, and are therefore a part of the record which must be shown, to sustain a judgment against the garnishee.'' So that upon a retrial of the case, we think that the execution and its return, together with the affidavit for the garnishee summons, should be offered in evidence and shown in a bill of exceptions in case a further review is sought. We suggest this only by way of precaution.

The garnishee further contends that in no event could he be held liable for the unpaid part of his stock subscription until a demand had been made upon him in accordance with the provisions of section 32, ch. 32, Cahill's Statutes. We think this contention is unsound. That section has to do with the payment of stock subscriptions which are made payable in instalments. That has no application to the case before us.

For the error in refusing to receive evidence tending to show that the corporation had been paid the $4,800, the judgment of the municipal court of Chicago is reversed and the cause remanded.

*Reversed and remanded.*

Thomson, P. J., and Taylor, J., concur.