**Leslie Senelick, for use of Home Bank and Trust Company, Appellant, v. Dr. Phillip Mann et al., Garnishees. Great Northern Produce Company et al., Appellees.**

## Gen. No. 30,054.

1. Garnishment—*proceedings ancillary to main action.* It is the intendment of section 1 of the Garnishment Act, Cahill's St. ch. 62, ¶ 1, that a garnishment proceeding shall be ancillary to the principal action and a continuation thereof.

2. Garnishment—*filing of garnishment affidavit as conferring jurisdiction upon garnishee.* The filing of a garnishment affidavit pursuant to section 1 of the Garnishment Act, Cahill's St. ch. 62, ¶ 1, as a part of the record in the principal action confers upon the court in which such principal action is being prosecuted jurisdiction over the subject matter and the persons of the garnishee defendants.

3. Garnishment—*waiver of objection to jurisdiction by answering interrogatories and moving to withdraw answers.* Where garnishee defendants, after appearing specially to contest the jurisdiction of the court in which the principal action was being prosecuted, filed an answer under such special appearance replying to the interrogatories of the plaintiff touching their indebtedness to the principal defendant, they thereby entered a general appearance in the proceeding and waived their right to question the jurisdiction of the court, nor were they relieved from the effect thereof by the action of the court in thereafter granting their motion to withdraw their answers to such interrogatories, such motion amounting to an express recognition of the jurisdiction of the court and constituting an additional waiver of their right to object to the jurisdiction.

Appeal by plaintiff from the Superior Court of Cook county; the Hon. Timothy D. Hurley, Judge, presiding. Heard in the first divi-

sion of this court for the first district at the March term, 1925. Reversed and remanded with directions. Opinion filed March 2, 1926.

Cheney & Peterson, for appellant.

No appearance for appellees.

Mr. Justice Johnston delivered the opinion of the court.

This is an appeal by Leslie Senelick for the use of the Home Bank and Trust Company, a corporation, the plaintiff, from an order of the superior court of Cook county, overruling the general demurrer of the plaintiff to the plea of the Great Northern Produce Company, a corporation, Arthur C. Schneider and Victor H. Hodupp, garnishees, in a garnishment proceeding brought by the Home Bank and Trust Company, after it had obtained a judgment against Senelick.

The plea of the garnishees, which was to the jurisdiction of the court, was as follows:

"And now come Great Northern Produce Co., a corporation, Arthur C. Schneider and Victor H. Hodupp, heretofore served as garnishees, under a special and limited appearance for the purpose of objecting to the jurisdiction of the court, and they thereupon say that there is no authority in the statutes of Illinois for the filing of a garnishee affidavit as a part of the record of the above entitled cause and that the summons issued herein and the interrogatories filed herein do not confer jurisdiction of the subject matter upon the court and over the persons of these garnishee defendants, wherefore they aver such want of jurisdiction and that the summons issued herein should be quashed and these defendants discharged and dismissed, and this they pray may be inquired into by the court, with their costs to be taxed herein, etc."

In addition to the above plea the garnishees filed the following answer in the garnishment proceeding:

"Under a special and limited appearance, as above stated, these garnishee defendants, above named, say for answer to the interrogatories filed, that they have no property of the said Leslie Senelick, and do not owe him any moneys, and say 'No' to each of such interrogatories."

The court overruled the plaintiff's demurrer to the garnishees' plea, struck the plaintiff's affidavit in support of garnishment from the files, and quashed the summons issued against the garnishees.

The plaintiff elected to stand by its demurrer.

The Act providing for garnishment after judgment does not prescribe that the affidavit in support of garnishment shall not be filed as part of the record of the principal action on which the garnishment proceeding is based; nor does the Act direct that the garnishment proceeding shall be begun as a separate new action. On the contrary, section 1 of the Act [Cahill's St. ch. 62, ¶ 1], by implication, intends that the garnishment proceeding shall be ancillary to the principal action, and a continuation of that action. Section 1 provides as follows:

"Whenever a judgment shall be rendered by any court of record, or any justice of the peace in this State, and an execution against the defendant or defendants in such judgment shall be returned by the proper officer 'No property found,' on the affidavit of the plaintiff, or other credible person, being filed with the clerk of such court or justice of the peace, that said defendant or defendants has or have no property within the knowledge of such affiant, in his or their possession, liable to execution, and that such affiant hath just reason to believe that any other person is indebted to such defendant, or defendants, or to either or any of such defendants, or hath any effects or estate of such defendant, or defendants, or of either or any of such

defendants, in his possession, custody or charge, it shall be lawful for such clerk or justice of the peace to issue a summons against the person supposed to be indebted to, or supposed to have any of the effects or estate of the said defendant, or defendants, or of either or any of such defendants, commanding him to appear before said court or justice, as a garnishee; and said court or justice of the peace shall examine and proceed against such garnishee or garnishees, in the same manner as is required by law against garnishees in original attachments. If the garnishee is indebted to or has any effects or estate of a part only of such defendants, judgment shall be against the garnishee in favor of such part of the defendants for the use of the plaintiff.''

It will be observed that section 1 directs that after the return of an execution on the judgment of no property found, the affidavit is to be filed with the clerk of ''such'' court; that ''such'' clerk shall issue the summons commanding the garnishee to appear before ''said'' court; and that the judgment shall be against the garnishee for the use of ''the plaintiff.'' In using the term ''plaintiff,'' section 1 does not mean the plaintiff in a new action, but evidently refers to the plaintiff in the principal action, who occupies the position of plaintiff in relation to the principal action, and also to the garnishment proceeding itself. 28 Corpus Juris, p. 16.

In some jurisdictions the garnishment proceeding is considered a separate, distinct action. 28 Corpus Juris, pp. 22, 23. But generally the principal action and garnishment proceeding are regarded as constituting a single action. 28 Corpus Juris, p. 22.

In the Encyclopedia of Law and Procedure (vol. 20, p. 979) it is stated that: ''Garnishment is in no sense a new suit, but is a special auxiliary remedy for more effectually reaching defendant's credits, and is always

ancillary to the main action under which it is brought."

The Supreme Court of Illinois has not decided in precise terms the question whether the garnishment proceeding is a new suit, but on referring to the garnishment proceeding the expressions of the Supreme Court indicate clearly that the court regards the garnishment proceeding as ancillary to the principal action, and, in effect, a continuation of the principal action.

In the case of *Chanute v. Martin,* 25 Ill. 63, the court said (p. 65) : "This whole proceeding is in the nature of process to obtain satisfaction of a judgment."

In the case of *Bear v. Hays,* 36 Ill. 280, the court said (p. 281): "We are of opinion that process against a garnishee, in aid of a suit at law, wherein an execution has been returned *'nulla bona,'* is not original process."

In the case of *Dennison v. Taylor,* 142 Ill. 45, in discussing the question whether the judgment in an attachment proceeding could be attacked in a garnishment proceeding, the court said (p. 56): "Now, the suit against the garnishee by the defendant in attachment, for the use of the plaintiff in attachment, is ancillary to the controversy between such plaintiff and defendant, but both controversies are parts of one and the same statutory proceeding by attachment, and the suit against the garnishee grows out of and is based upon, and dependent upon, the suit against the principal debtor. Much that is in the record of the attachment proceeding is alike a part and parcel of the record in each of these suits, and of this kind are the judgment rendered against the defendant in attachment and all portions of the record that have a bearing on the matter of the jurisdiction of the court in rendering such judgment."

In the case of *LaSalle Opera House Co. v. LaSalle Amusement Co.,* 289 Ill. 194, the court said (p. 198) :

"Garnishment is a statutory proceeding, in which no presumption of jurisdiction is indulged but a compliance with the statutory requirements must appear. The proceeding being a means of procuring satisfaction of the original judgment, the garnishee may inquire into the validity of the proceedings by which the court acquired jurisdiction of the judgment debtor. (*Kirk v. Dearth Agency,* 171 Ill. 207.) All portions of the record in the original proceeding having a bearing on the question of the jurisdiction of the court in rendering a judgment are part of the record in the garnishment proceedings. (*Dennison v. Taylor,* 142 Ill. 45.) The execution issued and its return are not part of the common-law record in the original proceeding, but they, together with the affidavit for the summons against the garnishee, are the means of acquiring jurisdiction in the garnishee proceedings, and are therefore a part of the record which must be shown to sustain a judgment against the garnishee. The absence of them from the record is fatal to the judgment."

We are of the opinion that in the case at bar the garnishment proceeding was not a new, distinct proceeding from the principal action on which the garnishment proceeding was based, but that the garnishment proceeding was a proceeding ancillary to the principal action, and, in effect, a continuation of the principal action. In this view, the affidavit for garnishment properly was filed by the plaintiff in the principal action, who was also the plaintiff in the garnishment proceeding, as part of the record in the principal action. The trial court therefore erred in overruling the plaintiff's demurrer to the plea of the garnishees to the jurisdiction of the court.

We further are of the opinion, as an independent ground of our decision, that in filing an answer to the interrogatories in the garnishment proceeding, the garnishees thereby entered a general appearance in

the proceeding, and waived their right to question the jurisdiction of the court. It is true that the court granted the garnishees' motion for leave to withdraw their answers to the interrogatories. But that did not relieve the garnishees from the effect of their waiver of objection to the jurisdiction. The motion was an express recognition by the garnishees of the jurisdiction of the court, and constituted another waiver of objection to the jurisdiction.

In the case of *Nicholes v. People,* 165 Ill. 502, the court said (pp. 503, 504): ''Appellant had a right to appear especially and question the sufficiency of the notice to confer jurisdiction, and if he went no further the court would have no right to render a judgment. * * * A special appearance must be for the purpose of urging jurisdictional objections only, and it must be confined to a denial of jurisdiction. An appearance for any other purpose than to question the jurisdiction of the court is general. * * * In entering his appearance in this case appellant did not confine himself to the question of jurisdiction, but stated seven objections against the proceeding. The seventh was: 'That the improvement for which said assessment was made has been built and paid for by these objectors at their own private expense, and the same has been approved and accepted by the City of Chicago.' By this objection appellant called upon the court to hear and decide the question whether the improvement had been built, paid for and accepted as alleged. This the court could only do upon the hypothesis that it had jurisdiction, and the objection clearly went to the merits. He could not invoke the judgment of the court on all his objections without a general appearance, and could not in the same paper ask for an exercise of such jurisdiction and disclaim an intention to submit to it.''

In the case of *Ladies of Maccabees v. Harrington,* 227 Ill. 511, the court said (p. 525): ''If the defend-

ant appears and makes a motion or files a plea or takes any other step which the court would have no power to dispose of without jurisdiction of the defendant's person, such action on the part of the defendant will be a submission of his person to the jurisdiction of the court and will be a waiver of any objections to the jurisdiction. He cannot, by his voluntary action, invite the court to exercise its jurisdiction and at the same time deny that jurisdiction exists.''

In the case of *Mix v. People*, 106 Ill. 425, the court said (p. 429): ''In personal actions, if the defendant appears and pleads to the merits, it is wholly immaterial whether the service was defective, or whether any summons was ever issued and served upon him.''

For the reasons which we have stated, the order of the trial court is reversed and the cause remanded with directions to the court to sustain the demurrer of the plaintiff to the plea of the garnishees; to vacate the order quashing the garnishee summons and striking the affidavit of the plaintiff from the files; and also to vacate the order granting leave to the garnishees to withdraw their answers to the interrogatories.

*Order reversed and cause remanded with directions.*