## Morris Poncher and H. B. Winner for use of Simplex Windshield Wing Company, Appellees, v. Mohawk Auto Equipment Company, Appellant.

### Gen. No. 31,433.

1. GARNISHMENT—*when proof of original judgment or execution issued thereon unnecessary.* A proceeding for garnishment in the municipal court of Chicago is merely a continuation of the cause in

which judgment was obtained against the debtor, and no proof of the original judgment or the execution thereon issued is necessary, since the court will take judicial notice thereof.

2. APPEAL AND ERROR—*presumption as to contents of complete record in garnishment proceedings.* The presumption in favor of a judgment in garnishment requires the Appellate Court to assume, in absence of showing, that the complete record contains the original judgment, execution and return.

3. GARNISHMENT—*sufficiency of evidence to show indebtedness of judgment debtor to garnishee.* A garnishee who has sold a debtor's goods and used part of the proceeds to which he had no lawful right to make a note payment for which he was jointly liable with the debtor, is in debt to the debtor in such sense that the garnishor may obtain judgment against him for the amount of the note payment.

4. GARNISHMENT—*limitation of judgment against garnishee to amount of actual indebtedness at time writ served.* Entry of a judgment against a garnishee for more than he owed to the judgment debtor at the time of service of the writ necessitates its reduction to the amount then actually due.

Appeal by defendant from the Municipal Court of Chicago; the Hon. JOHN H. LYLE, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1926. Affirmed upon remittitur; otherwise reversed and remanded. Opinion filed May 2, 1927.

ALBERT GOLDMAN, for appellant.

ALBERT G. ROSENBAUM, for appellees.

MR. JUSTICE MATCHETT delivered the opinion of the court.

In the trial court, pursuant to the practice of that court, the plaintiffs filed an affidavit on December 30, 1925, alleging that a judgment in their favor against the Simplex Windshield Manufacturing Company had been theretofore entered and an execution thereon returned, "No property found," and asking that the Mohawk Auto Equipment Company, which was indebted to the defendants should be summoned as a garnishee.

The garnishee answered on January 8, 1926, that at the time of service of the summons on December 21,

220 APPELLATE COURTS OF ILLINOIS.

Poncher v. Mohawk Auto Equip. Co., 244 Ill. App. 218.

1925, it was not indebted to Poncher and Winner and had no property of any kind in its possession belonging to them. The answer was contested, and upon trial of the issues by the court there was a finding against the garnishee in the sum of $723. 28 and judgment entered thereon after motions for a new trial and in arrest by the garnishee had been overruled.

The Mohawk Auto Equipment Company contends in the first place that the judgment should be reversed because no proof was made of the original judgment or the execution issued thereon, or of its return, "No property found." That in proceedings in other courts and under other statutes such proof must be made, has been held in a large number of cases cited by defendant. (See *Howard Co. v. Miller,* 123 Ill. App. 483; *Siegel v. Moses,* 159 Ill. App. 624; *Mennella v. Bottigliere,* 191 Ill. App. 574; *Lund v. Dole Valve Co.,* 185 Ill. App. 350; *Sheehan v. Union Stock Yard & Transit Co. of Chicago,* 172 Ill. App. 528.)

As was pointed out by this court in the case of *Pease v. Underwriters' Union,* 1 Ill. App. 287, this is the rule where the statute, under which proceedings are had, requires the garnishment to be brought as a proceeding independent from the suit in which the original judgment was obtained, but in cases where the whole proceeding constitutes one case and the garnishment is not brought as an independent proceeding, the court will take judicial notice of the original judgment and it need not necessarily be offered in evidence.

In *Dandridge v. Northern Trust Co.,* 218 Ill. App. 138, the third division of this court, considering a garnishment proceeding brought in the municipal court of Chicago upon a judgment rendered in that court, stated:

"Where it appears, as it does here, that the garnishment proceedings are part and parcel of the same cause as that in which the original judgment was ob-

tained—the original and garnishment proceedings bear the same general number—and the trial court takes, as it should, judicial notice of all that has transpired in the cause, we are of the opinion that it then becomes unnecessary to have the judgment and execution and return offered in evidence, and thereafter, on appeal or writ of error, made a part of the bill of exceptions.''

In *Hankel v. East & West Pub. Co.,* 239 Ill. App. 236, which case was a garnishment proceeding in the municipal court of Chicago upon a judgment rendered by that court, the garnishee contended that the record failed to show that an execution was issued and returned unsatisfied, and that the court was therefore without jurisdiction, but it was held:

''The garnishment proceeding is but ancillary to the principal action—a continuation of it and the affidavit for garnishment summons was properly filed in that action.'' · *Dandridge v. Northern Trust Co., supra,* and *Senelick v. Mann,* 239 Ill. App. 589, were cited. The court there, however, also cited *LaSalle Opera House Co. v. LaSalle Amusement Co.,* 289 Ill. 194, and as the judgment against the garnishee was to be reversed and the cause remanded for another reason, suggested by way of precaution, in view of language used in that decision, that upon the next trial the original judgment, with execution and return thereon, should be offered in evidence. In *LaSalle Opera House Co. v. LaSalle Amusement Co., supra,* the Supreme Court said:

''All portions of the record in the original proceeding having a bearing on the question of the jurisdiction of the court in rendering a judgment are part of the record in the garnishee proceedings. (*Dennison v. Taylor,* 142 Ill. 45.) The execution issued and its return are not part of the common law record in the original proceeding, but they, together with the affidavit for the summons against the garnishee, are the

222    APPELLATE COURTS OF ILLINOIS.

Poncher v. Mohawk Auto Equip. Co., 244 Ill. App. 218.

means of acquiring jurisdiction in the garnishee proceedings, and are therefore a part of the record which must be shown to sustain a judgment against the garnishee. The absence of them from the record is fatal to the judgment.''

In this case the record is *per praecipe,* and does not show the original judgment, the execution or return. The presumption in favor of the judgment requires us to assume that the complete record contains these. Under this state of the record, we think the contention of the defendant cannot be sustained.

It is further contended, in behalf of the defendant, that the evidence fails to disclose that the garnishee was indebted to the judgment debtors. They say the only issue in a garnishment proceeding is whether the garnishee is indebted to or has property of the judgment debtor in his possession, and it is argued that the evidence in this case fails to disclose facts upon which any liability on the part of the garnishee might be based.

The facts appear to be (and there is little conflict in the evidence) as follows:

The vice president and secretary of the defendant Mohawk Auto Equipment Company is L. S. Poncher and the corporation is and was engaged in business at Chicago, Illinois. Morris Poncher, a nephew of L. S. Poncher, was a copartner of H. B. Winner, who, with Morris Poncher, are the judgment debtors in this case. L. S. Poncher had become liable upon a note executed in behalf of Poncher and Winner at the bank for the sum of $2,000, and this note was signed by him in order to enable the copartnership to purchase from the Mohawk Auto Equipment Company merchandise to the amount of $4,400. The firm of Poncher and Winner also bought goods from the Simplex Windshield Wing Company, and it seems that the goods purchased from these two firms were by the copartnership shipped to Florida with the intention of

opening a store, although they had not yet actually engaged in business in that state. As a matter of fact, the partnership lasted about 10 days or 2 weeks, and Winner says that when he saw things weren't right, he wired the Mohawk Auto Equipment Company asking what they should do, and that the Mohawk Auto Equipment Company wired back, telling him to dispose of the car there. He then returned to Chicago and gave Mr. L. S. Poncher a power of attorney. He says that he told Mr. Poncher, who was going to Florida, that there was some merchandise in the car belonging to the Simplex Windshield Wing Company, and Poncher said that whatever didn't belong to him he would send back or wouldn't use. Mr. L. S. Poncher went to Florida and sold the entire merchandise including that obtained from the plaintiff, for $3,000. There was then due to the Mohawk Auto Equipment Company about $2,400, which was retained by him for that company, and instead of turning the remainder of the money obtained from the sale of the goods over to the Simplex Windshield Wing Company, as agreed, he took the same and paid it to the bank upon the note of Poncher and Winner, after the same matured February 5, 1926. L. S. Poncher, as vice president of the garnishee company, still had this $600, being the proceeds of the sale of the merchandise, in his possession at the time of the service of the garnishment writ. It was money which in justice and fairness should have been turned over to Poncher and Winner for their own use, or to the Simplex Windshield Wing Company, as Mr. L. S. Poncher had agreed.

We think the court, however, erred in entering judgment against the garnishee for the full amount of the original judgment, as the evidence discloses that at the time of the service of the writ there was only $600 in the possession of defendant subject to garnishment. The garnishee was not liable for more than that amount.

If, therefore, the plaintiff, appellee, will remit in this court within 10 days the sum of $123.38 from the amount of the judgment, it will be affirmed; otherwise it will be reversed and the cause remanded.

McSURELY, P. J., and JOHNSTON, J., concur.

*Affirmed upon remittitur; otherwise reversed and remanded.*