Wieboldt Stores, Inc., Appellee, v. Cyril C. Sturdy, Defendant.
Appeal of Oak Park Trust and Savings Bank, Appellant.

Gen. No. 42,288.

Opinion

filed March 22, 1943. Rehearing denied April 2, 1943.

SAMUEL SPITZER and HENRY N. SHABSIN, both of Oak Park, for appellant; HENRY N. SHABSIN, of Oak Park, of counsel.

REGINALD C. DARLEY and OSCAR G. WAHLGREN, both of Chicago, for appellee; OSCAR G. WAHLGREN, of Chicago, of counsel.

MR. JUSTICE MCSURELY delivered the opinion of the court.

Wieboldt Stores, Inc., plaintiff, had judgment for $76.20 by confession against Cyril C. Sturdy, defendant, in the municipal court of Chicago; the execution was returned no property found and no part satisfied; thereupon garnishment proceedings were instituted and the Oak Park Trust & Savings Bank was named as garnishee and garnishment summons was directed to the sheriff of Cook county and returned by him duly served. The bank appeared specially and moved to quash the service of the garnishee summons, alleging that the municipal court was limited in the exercise of its jurisdiction to the city of Chicago, whereas the bank was outside of the city, having its only place of business in Oak Park, Ill.; that garnishment summons was served upon it in Oak Park and not served upon it within the territorial limits of the municipal court. This motion was denied and conditional judgment against the bank was entered, and the bank making no appearance, final judgment for $76.20 was entered against it, from which it appeals.

The bank's theory is that as the municipal court of Chicago is a court of limited territorial jurisdiction, namely the city limits of Chicago, that court had no power to issue garnishee process to be served beyond that jurisdiction. To this plaintiff replies that the municipal court, having acquired jurisdiction over the defendant, Sturdy, and having entered a money judgment against him, may, after the requisite steps for garnishment have been taken, send its process of garnishment beyond the territorial limits of the city of Chicago and may thereby acquire jurisdiction to proceed to final judgment against the garnishee.

The bank argues that the garnishment proceeding is not ancillary and is governed by the same rules with reference to the service of summons as an original process. Certain cases from other jurisdictions are cited which seem to support this view. *Jefferies v.*

*Harvie,* 38 Miss. 97, and *Koenig v. Curran's Restaurant & Baking Co.,* 121 Pa. Sup. 201, 183 Atl. 451.

However, there is abundant authority in decided cases in Illinois that garnishment is not an original process but is ancillary and supplemental to the principal suit. It was so held in *Senelick v. Mann,* 239 Ill. App. 589, by this division of the Appellate Court. The opinion, by the late Mr. Justice JOHNSTON, has many citations supporting the view as stated in vol. 20 of Encyclopedia of Law and Procedure (p. 979) that "Garnishment is in no sense a new suit, but is a special auxiliary remedy for more effectually reaching defendant's credits, and is always ancillary to the main action under which it is brought." In *Chanute v. Martin,* 25 Ill. 63, the court said the whole proceeding "is in the nature of process to obtain satisfaction of a judgment." And in *Bear v. Hays,* 36 Ill. 280, the court said that the process against the garnishee, where an execution has been returned *nulla bona,* "is not original process."

Other cases to the same effect may be found in the opinion in the *Senelick v. Mann* case, above cited. There the immediate question was the authority of the superior court, where the original judgment was entered, to permit the filing of a garnishee affidavit as part of its record and order summons issued from that court with interrogatories to the garnishees; the garnishees moved that the summons be quashed as the court was without jurisdiction to proceed against it in the original action. The conclusion of the reviewing court was that the garnishment proceeding was not an original suit but was ancillary to, and in effect a continuation of, the principal action, and held that the trial court had jurisdiction over the garnishee. This has been practically the holding of all the cases in this state. *First Nat. Bank of Palatine v. Hahnemann Institutions of Chicago, Inc.,* 356 Ill. 366, held that

garnishee process would not lie after the original judgment had been vacated, and in definite language (p. 369) held that garnishment is an ancillary proceeding. *Miller v. People,* 230 Ill. 65, involved the validity of an order transferring a criminal court case to the municipal court of Chicago, where the defendant was tried and found guilty; it was not charged that the crime was committed within the city limits of Chicago, but in Cook county. In an opinion by Mr. Justice CARTWRIGHT it was held that this order was improper, but in the course of the opinion (p. 77) he said: "A city court having acquired jurisdiction may send its process in aid of that jurisdiction beyond the city limits, and may send its final process outside of the city to enforce collection of its judgment." Recently, in *Zimek v. Illinois Nat. Casualty Co.,* 370 Ill. 572, 574, the court said: "The garnishment process is remedial in nature, designed to reach property belonging to the judgment debtor after ordinary execution has failed. (*Wheeler v. Chicago Title and Trust Co.,* 217 Ill. 128.) It is not a distinct and separate suit, but an additional step in the original action for judgment." In all of the many cases in this State where the question has been considered it has been held that garnishment is purely a statutory mode of procuring satisfaction of a money judgment and not an original action. It is conceded that the municipal court could not serve summons in an original action outside its territorial jurisdiction.

The garnishee bank stresses that provision of the Garnishment Act (ch. 62, § 2 [Jones Ill. Stats. Ann. 109.285]) which provides that a garnishee summons, when issued by the clerk of a court of record, "shall be made returnable, and be served and returned as summonses in other civil cases." Serving the summons as other summonses are served simply means by the same kind of service as is required for other summonses: that is, service must be had at a fixed number of days before the return day, also by handing a

copy of the summons to the defendant or party to be served and indorsing upon it the time and manner of service. These are ministerial acts and have nothing to do with jurisdiction of the subject matter or process involved. *Wilcox v. Conklin,* 255 Ill. 604, cited by the garnishee as authority, is not in point. There was an effort to extend the original jurisdiction of the municipal court beyond its territorial limits by service upon one of the joint defendants who resided outside of those limits.

We are of the opinion that the trial court correctly ruled against the motions of the garnishee and that the judgment against it was properly entered. It will therefore be affirmed.

*Affirmed.*

MATCHETT, P. J., and O'CONNOR, J., concur.